1
2
3
4
5

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
*In Propria Persona*

6
7

**UNITED STATES DISTRICT COURT**
**SAN FRANCISCO DIVISION**

8

CASE NO.:  3 : 2 3 - c v - 3 5 3 1

9
10

RESHMA KAMATH,

11

        Plaintiff,

12

vs.

13
14
15

SAN FRANCISCO POLICE DEPARTMENT
(SFPD); UNITED STATES DEPARTMENT
OF HOMELAND SECURITY; FEDERAL
PROTECTIVE SERVICES; AND DOES 1-
10, INCLUSIVE,

16

        Defendants

17
18

**VERIFIED COMPLAINT FOR**
**DAMAGES**:

1. 42 U.S. Code § 1983 - Civil action for
deprivation of rights;
2. CONVERSION;
3. CIVIL ASSAULT.

**DEMAND FOR JURY TRIAL**

19
20
21
22
23
24
25
26
27
28

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:*

1.

**COMPLAINT**

**INTRODUCTION**

1. This action seeks money damages because of Defendants' participation in private parties' wrongful deprivation, particularly Plaintiff's property; and, where Defendants had engaged in selective enforcement towards Plaintiff.

**VENUE & JURISDICTION**

2. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's claims, which are based on state law, under 28 U.S.C. § 1367.

3. Venue in the United States District Court for the United States District Court Northern District of California San Francisco Division is proper pursuant to 28 U.S.C. § 1391.

4. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

5. Plaintiff also brings state law claims for second and third claims for relief pursuant to this Court's supplemental jurisdiction.

**PARTIES**

6. Plaintiff is Reshma Kamath, a natural person residing in the United States, particularly in Arizona, and in California for work purposes at 450 Golden Gate Ave., San Francisco, California. ("work address.")

7. Defendant is the San Francisco Police Department at or near Plaintiff's work address.

8. Defendant is the United States Department of Homeland Security at Plaintiff's work address.

9. Defendant is the Federal Protective Services housed in the United States DHS of the San Francisco federal court at Plaintiff's work address.

**FACTUAL ALLEGATIONS**

10. On or about 2020, Plaintiff purchased a BMW 750 LI for personal and professional use. As a result of this transaction, Plaintiff became the owner of the vehicle. The title, registration, and insurance of the vehicle were current at the time of deprivation by Defendants.

11. Between May and July 2023 on-going, SFPD and DHS FPS have engaged in selective enforcement and discrimination towards Plaintiff.

12. Between May and July 2023 on-going, SFPD and DHS FPS have repeatedly given falsified tickets, to Plaintiff, three (3) in total, and towed Plaintiff's vehicle.

13. There were several other cars and vehicles around Plaintiff's vehicle; and yet, not one of the other vehicles and cars had any tickets on them during each of the falsified ticket incidents by Defendants.

14. Plaintiff took videos and photographs of the other vehicles and cars to show that none of them parked in the same zone and same road behind the Plaintiff's vehicle, and adjacent from Plaintiff's vehicle had any tickets on them during each of the falsified ticket incidents by Defendants.

15. Between May and July 2023 on-going, SFPD and DHS FPS have repeatedly given falsified tickets, to Plaintiff, three (3) in total and towed Plaintiff's vehicle; while SFPD and DHS FPS did not give any tickets to the cars around the Plaintiff's vehicle.

16. Between May and July 2023 on-going, SFPD and DHS FPS have repeatedly given falsified tickets, to Plaintiff, three (3) in total and towed Plaintiff's vehicle; while SFPD and DHS FPS have not towed any other cars and vehicles around the Plaintiff's vehicle.

17. When Plaintiff saw the ticket in May 2023 from SFPD, it stated, "parking restriction." However, Plaintiff has seen several cars parked there with no ticket on numerous other days. On the same day, even across the street, cars were parked with no tickets.

18. Then, Plaintiff decided to park her vehicle in the same location the next time Plaintiff is there to see whether Defendants will engage in repeated patterns of selective enforcement and discrimination.

19. Defendants did just that. Defendants had intentionally engaged in repeated patterns of selective enforcement and discrimination towards Plaintiff.

20. When Plaintiff saw the second and third tickets in June-July 2023 from SFPD, it stated federal violation (July 10, 2023), and tow-away zone (July 11, 2023). However, on the same days, Plaintiff has seen several cars in the same zone parked right behind and in front of Plaintiff's vehicle with no ticket from Defendants. On the same days, even across the street, any and all of the other cars parked in the same zone had no tickets from Defendants.

21. Thus, it was clear that Defendants were engaging in selective enforcement towards Plaintiff.

22. On July 11, 2023, the day of the second ticket, when Plaintiff was walking from her work address to Plaintiff's vehicle, Plaintiff saw the Defendants' agents watching her walk to her vehicle.

23. On July 12, 2023, the day of the second ticket, when Plaintiff was unlocked her vehicle and started to drive, Plaintiff saw the Defendants' agent suddenly drove up to and next to Plaintiff's vehicle.

24. The day of the tow-away on July 13, 2023, Plaintiff had decided to park her vehicle in the same location to see whether Defendants will engage in one more repeated pattern of selective enforcement and discrimination.

25. Defendants did just that. Defendants had intentionally engaged in repeated patterns of selective enforcement and discrimination towards Plaintiff.

26. Defendants were scanning the license plate, and checking the name of the person to whom the vehicle belongs to; and, when they saw Reshma Kamath as ownership, the Defendants

4.

intentionally and invidiously only gave a ticket to Reshma Kamath based on her race, ethnicity and gender.

27. Reshma Kamath is Indian-American, Asian, and is a woman of color.

28. Between May and July 2023 on-going, SFPD and DHS FPS may argue discretion; however, they have manifested their actions, and omissions, as **selective enforcement**.

29. Between May and July 2023 on-going, SFPD and DHS FPS may argue discretion; however, they have manifested their omissions, as **selective enforcement**.

30. Between May and July 2023 on-going, SFPD and DHS FPS may argue discretion; however, they were acting under color of state and federal law.

31. Between May and July 2023 on-going, SFPD and DHS FPS, have scanned the license plate of Plaintiff's vehicle, and saw that her name was Reshma Kamath; and thereby, only given tickets to Plaintiff.

32. There is a video camera pointing to the street on 450 Golden Gate Ave., San Francisco, California that Plaintiff intends to subpoena.

33. On July 12, 2023, agents of Defendants SFPD and DHS FPS started their car at the same time that Plaintiff got into her car. The agents were literally next to Plaintiff's car when she was in her vehicle. Plaintiff recognized the officer closest to Plaintiff's vehicle was an officer who was bald. The next day, the same officer appeared to not only tow Plaintiff's vehicle, but also to not release her vehicle to her and slam the door while he was yelling at Plaintiff.

34. On July 13, 2023 on-going, SFPD and DHS FPS may argue discretion; however, they have manifested their actions, and lack thereof, as **selective enforcement**.

35. Plaintiff even requested whether there is a legal unit there to discuss the issue.

36. Plaintiff has a video of Defendants yelling, and slamming the door on her; as well as, not allowing Plaintiff to sign the papers to release her vehicle when Plaintiff had requested the release.

37. Plaintiff felt physically intimidated by the presence of Defendants' agents.

38. None of the Defendants afforded Plaintiff an opportunity to be heard prior to the deprivation of the vehicle.

39. The seizure of Plaintiff's vehicle was unreasonable.

40. Defendants' agents stated to Plaintiff that the officer who has the alleged "release form" for her vehicle was "gone for the day."

41. As a proximate result of Defendants' actions, Plaintiff has been deprived of his vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and mental distress.

42. The final defendant is the security guard at the work address who falsified the entrance of the DHS FPS to Plaintiff. He intentionally gave the wrong entrance location to Plaintiff for DHS FPS. He pointed to two locations outside the building that were public entrances for DHS FPS, and that the one inside the building was only a private entrance. This defendant intentionally was misleading the Plaintiff, whereas another security guard courteously helped the Plaintiff.

43. To the date of her filing, Plaintiff does not have her property, Plaintiff's vehicle with her.

44. Plaintiff had several errands to run after winning her jury trial on July 13, 2023; and because of Defendants' conduct and omissions, Plaintiff was deprived on July 14, 2023, and thereafter, from performing those work-related errands.

///

///

## CLAIMS FOR RELIEF

### FIRST CLAIM OF RELIEF

#### 42 U.S. Code § 1983 - Civil action for deprivation of rights

45. Defendants at all times relevant to this action were acting under color of state and federal law.

46. Defendants unlawfully deprived Plaintiff of her property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

47. Defendants made an unreasonable and warrantless seizure of Plaintiff's personal property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

48. Defendants were scanning the license plate, and checking the name of the person to whom the vehicle belongs to; and, when they saw Reshma Kamath as ownership, the Defendants intentionally and invidiously only gave a ticket to Reshma Kamath based on her race, ethnicity and gender.

49. Reshma Kamath is Indian-American, Asian, and is a woman of color.

50. Defendants engaged in selective enforcement and discrimination.

51. Defendants' agents were male; and non-Indian based on plaintiff's personal knowledge.

52. At all times relevant hereto, Defendants acted pursuant to a policy and/or custom of Defendants without court order and without providing an opportunity to be heard under due process of the Fifth Amendment of the United States Constitution.

///

///

///

**SECOND CLAIM OF RELIEF**

**CONVERSION**

53. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

54. The property was Plaintiff's vehicle.

55. Without Plaintiff's consent, from July 13, 2023 on-going, Defendants intentionally deprived

Plaintiff of her rightful possession of Plaintiff's vehicle.

56. Plaintiff went to the office of the DHS FPS, and was informed they will not release her

vehicle, because the officer with the release form were not there.

57. Plaintiff had ownership and/or right to possession of property.

58. Defendant's wrongful act toward and/or disposition of the property, such as selective

enforcement and discrimination to Plaintiff, interfering with plaintiff's possession; and

damage to plaintiff.

59. However, the two officers who were speaking to Plaintiff were from the prior day in the car

next to Plaintiff's vehicle; and, they walked up to Plaintiff knowing they "knew" the

Plaintiff.

60. At all times relevant hereto, Defendants acted with malice, recklessness and total and

deliberate disregard for the contractual and personal rights of Plaintiff.

**THIRD CLAIM OF RELIEF**

**CIVIL ASSAULT**

61. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

62. Defendants created a reasonable apprehension of physical and bodily harm to Plaintiff in the

conduct of Defendants' agents on July 13, 2023 after 3 p.m. PDT.

63. Thus, Plaintiff had fear and apprehension of lack of safety and bodily harm based on

Defendants' conduct on July 13, 2023 after 3 p.m. PDT.

64. Based on this, Defendants committed a civil assault on Plaintiff.

## **PRAYER FOR RELIEF**

a.  A judgment in favor of Plaintiff for $10.50 million in damages inclusive of repairs to the damages to the car from tow-away and related;

b.  Actual, general, special and punitive damages in an amount to be determined at trial;

c.  A judgment for compensatory and expectancy damages in an amount to be determined at trial, plus reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, against all Defendants;

d.  A judgment for compensatory and punitive damages in an amount to be determined at trial;

e.  A jury trial on all appropriate issues;

f.  An award of costs and expenses against the Defendants; and,

g.  Any and all other relief this Court may deem appropriate.

///

**DATED: July 14, 2023**                **LAW OFFICE OF RESHMA KAMATH**

/S/ *Reshma Kamath*

Reshma Kamath,
*In Propria Persona*

9.

1

## **VERIFICATION**

2

3

I am **RESHMA KAMATH, plaintiff in the above-stated matter.** I have read the

**VERIFIED COMPLAINT FOR DAMAGES**:

4

1. 42 U.S. Code § 1983 - Civil action for deprivation of rights;

5

2. CONVERSION;

6

3. CIVIL ASSAULT.

7

 and know the contents thereof.  The matters stated therein are true of my own knowledge, except as

8

to those matters that are therein stated on information and belief, and concerning those matters, I

9

believe them to be true.

10

I declare under penalty of perjury under the laws of the State of California and the United

11

States of America that the foregoing is true and correct. Executed in County of Alameda, California.

12

///

13

**DATED: July 14, 2023**

14

/s/ *Reshma Kamath*

15

Reshma Kamath

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

     I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States, and electronic address is reshmakamath2021@gmail.com. On July 14, 2023, I served the following document(s) on: See Attached Service List.
///
**VERIFIED COMPLAINT FOR DAMAGES**:
1. 42 U.S. Code § 1983 - Civil action for deprivation of rights;
2. CONVERSION;
3. CIVIL ASSAULT.
///
     **ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein.

     I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on July 14, 2023.

                             **LAW OFFICE OF RESHMA KAMATH**

                             /s/ *Reshma Kamath*

                             Reshma Kamath

11.