1  DAVID CHIU, State Bar #189542
   City Attorney
2  JAMES F. HANNAWALT, State Bar #139657
   Acting Chief Trial Deputy
3  ABIGAIL H. WALD, State Bar #309110
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3901
6  Facsimile:    (415) 554-3837
   E-Mail:       abigail.wald@sfcityatty.org
7
8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9  (Erroneously sued as San Francisco Police
   Department (SFPD))[1]
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14  RESHMA KAMATH,                          Case No. 3:23-CV-3531-JSC

15          Plaintiff,                      **DEFENDANT'S NOTICE OF MOTION AND**
                                            **MOTION TO DISMISS PLAINTIFF'S**
16      vs.                                 **COMPLAINT (Fed. R. Civ. P. 12(b)(6)) OR IN**
                                            **THE ALTERNATIVE FOR A MORE**
17  SAN FRANCISCO POLICE DEPARTMENT         **DEFINITE STATEMENT (Fed. R. Civ. P. 12(e))**
    (SFPD); UNITED STATES DEPARTMENT        **AND REQUEST FOR STAY; MEMORANDUM**
18  OF HOMELAND SECURITY; FEDERAL           **OF POINTS AND AUTHORITIES IN**
    PROTECTIVE SERVICES; AND DOES 1-10,     **SUPPORT**
19  INCLUSIVE,
                                            Hearing Date:    March 14, 2024
20          Defendants.                     Time:            10:00 a.m.
                                            Place:           Courtroom 8 - 19th Floor
21                                                           450 Golden Gate Ave.
                                                             San Francisco, CA 94102
22

23

24

   ─────────────────────
25      [1] San Francisco Police Department is a department of the City and County of San Francisco.
   This department is not a properly joined defendant because it does not have power to sue or be sued,
26  and is not an independent public corporation. *See Bauer v. Ventura Cnty.*, 45 Cal.2d 276, 288-289
   (1955); *compare* Cal. Gov't Code, §§ 23000, 23004(a); *see also* San Francisco Charter, Art. I, Section
27  1.101 (confers right of City to sue and be sued) and Art. IV, Section 4.102 (does not confer right to sue
   or be sued on departments).  The City and County of San Francisco has not been properly named or
28  served as a defendant.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

NOTICE OF MOTION AND MOTION .................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .........................................................3

    I.      STATEMENT OF FACTS ............................................................................3

    II.     LEGAL STANDARD...................................................................................4

    III.    ARGUMENT ...............................................................................................5

        A.     San Francisco Police Department Is Not A Properly Joined Defendant .....5

        B.     Plaintiff Has Failed to Plausibly State Any Federal or State Law Claims...6

             1.     Plaintiff Fails to Allege Any Constitutional Violation Under Section 1983...............................................................................6

                 a.     The Complaint Contains Insufficient Allegations of a Policy, Custom, or Practice Required to State a *Monell* Claim.................................................................................6

                 b.     Plaintiff Fails to State a Section 1983 Claim Predicated on Selective Enforcement and Discrimination ....................7

                 c.     Plaintiff Has Not Alleged an Unreasonable Seizure Under the Fourth Amendment .....................................................10

                 d.     Plaintiff Has Not Alleged Any Due Process Violation......11

             2.     Plaintiff Has Failed to Allege Any Plausible State Law Claims ...13

                 a.     Plaintiff Cannot State a Claim for Conversion ..................13

                 b.     Plaintiff Does Not State a Claim for Civil Assault............14

                     (1)     Plaintiff's Assault Claim Is Barred by her Failure to Comply with the Government Claims Act ..............................................................14

                     (2)     Plaintiff Fails to Plausibly Allege the Elements of Assault .....................................15

        C.     In the Alternative, Defendant Moves for a More Definite Statement........16

    IV.    REQUEST FOR STAY OF DISCOVERY ..........................................................17

    V.     CONCLUSION.................................................................................................18

# TABLE OF AUTHORITIES

**State Cases**

*Bauer v. Ventura Cnty.*
45 Cal.2d 276 (1955) ...................................................................................1

*Lagos v. City of Oakland*
41 Cal.App.4th Supp. 10 (1995) ..................................................................14

*Love v. City of Monterey*
37 Cal.App.4th 562 (1995) ..........................................................................11

*People v. Williams*
26 Cal.4th 779 (2001) ..................................................................................15

*Plaza v. Hollister Ltd. P'ship v. Cnty. of San Benito*
72 Cal.App.4th 1 (1999) ..............................................................................13

*Plotnik v. Meihaus*
208 Cal.App.4th 1590 (2012) ......................................................................15

*Smith v. City of Los Angeles Dep't of Transp.*
59 Cal.App.4th Supp. 7 (1997) ..............................................................13, 14

*State of California v. Superior Ct.*
32 Cal.4th 1234 (2004) ................................................................................15

*Tyler v. City of Alameda*
34 Cal.App.4th 777 (1995) ..........................................................................11

*Yamaha Motor Corp. v. Superior Court*
185 Cal.App.3d 1232 (Ct. App. 1986) ........................................................13

**State Statutes & Codes**

California Government Code § 911.2(a) ........................................................14

California Government Code § 945.4 ............................................................14

California Government Code, § 23000 ...........................................................1

Califorinia Government Code § 23004(a)........................................................1

California Vehicle Code § 40215(a) .............................................................13

California Vehicle Code § 40215(c)(3) ...................................................12, 13

California Vehicle Code § 40230(a) .............................................................13

California Vehicle Code §§ 40200 *et seq.* ..................................................13

**Federal Cases**

*Andrews v. City of Philadelphia*
   895 F.2d 1469 (3d Cir. 1990) ............................................................................6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009).................................................................................4, 5, 7, 16

*Austin v. Univ. of Oregon*
   925 F.3d 1133 (9th Cir. 2019) ...........................................................................9

*Barren v. Harrington*
   152 F.3d 1193 (9th Cir. 1998) ...........................................................................7

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ...........................................................................................4

*Bordenkircher v. Hayes*
   434 U.S. 357 (1978).............................................................................................8

*Bull v. City & Cnty. of San Francisco*
   595 F.3d 964 (9th Cir. 2010) .............................................................................6

*Castillo v. McFadden*
   399 F.3d 993 (9th Cir. 2005) ...........................................................................11

*Chang v. Rockridge Manor Condo*
   No. C-07-4005 EMC, 2008 WL 2683075, at *8 (N.D. Cal. Jul. 3, 2008), *aff'd*, 344 F. App'x 365
   (9th Cir. 2009).................................................................................................11

*City of Canton, Ohio v. Harris*
   489 U.S. 378 (1989).............................................................................................6

*City of Los Angeles v. David*
   538 U.S. 715 (2003)...........................................................................................11

*Conservation Force v. Salazar*
   646 F.3d 1240 (9th Cir. 2011) ...........................................................................4

*Cuviello v. City & Cnty. of San Francisco*
   940 F.Supp.2d 1071 (N.D. Cal. 2013) ..............................................................9

*Ellins v. City of Sierra Madre*
   710 F.3d 1049 (9th Cir. 2013) ...........................................................................6

*Epstein v. Washington Energy Co.*
   83 F.3d 1136 (9th Cir. 1996) .............................................................................5

*Farquhar v. Hamlet*
   No. C 01-2807 CRB (PR), 2001 WL 1218569, at *2 (N.D. Cal. Oct. 9, 2001) ......................16

*Freeman v. City of Santa Ana*
  68 F.3d 1180 (9th Cir. 1995) ............................................................8

*Furnace v. Sullivan*
  705 F.3d 1021 (9th Cir. 2013) ...........................................................7

*Gillette v. Delmore*
  979 F.2d 1342 (9th Cir. 1992) ...........................................................7

*Goichman v. Rheuban Motors, Inc.*
  682 F.2d 1320 (9th Cir. 1982) .........................................................12

*Hascoet ex rel. United States v. Morpho S.A.*
  770 F. App'x 808 (9th Cir. 2019) .....................................................18

*Hofmann v. City and Cnty. of San Francisco*
  870 F.Supp.2d 799 (N.D. Cal. 2012) ..................................................5

*In re Google Digital Adver. Antitrust Litig.*
  Case. No. 20-cv-03556-BLF, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) ..................17

*King v. Cnty. of Los Angeles*
  885 F.3d 548 (9th Cir. 2018) .............................................................6

*Lopez v. City and Cnty. of San Francisco*
  No. 12-CV-06523-MEJ, 2014 WL 2943417, at *11 (N.D. Cal. June 30, 2014) .....................8

*Monell v. Dep't of Soc. Servs. of City of New York*
  436 U.S. 658 (1978) .......................................................................6

*Moore v. City of Santa Monica*
  185 Fed.App'x. 661 (9th Cir. 2006) ...................................................11

*Pena v. Gardner*
  976 F.2d 469 (9th Cir. 1992) .............................................................5

*Rosenbaum v. City and Cnty. of San Francisco*
  484 F.3d 1142 (9th Cir. 2007) ...........................................................9

*S. Dakota v. Opperman*
  428 U.S. 364 (1976) ......................................................................10

*Schiff v. City and Cnty. of San Francisco*
  Case No. C 08-4627 PJH, 2009 WL 10110702, at *2 (N.D. Cal. April 15, 2009) .................5

*Scofield v. City of Hillsborough*
  862 F.2d 759 (9th Cir. 1988) ...........................................................12

*Sepatis v. City & Cnty. of San Francisco*
  No. C-08-02497JCS, 2009 WL 1833991, at *10 (N.D. Cal. June 24, 2009), *aff'd*, 403 F. App'x 224
  (9th Cir. 2010)..............................................................................8

*Serrano v. Francis*
    345 F.3d 1071 (9th Cir. 2003) ...........................................................................8

*Snowden v. Hughes*
    321 U.S. 1 (1944)......................................................................................8, 10

*State of Cal. ex rel. Mueller v. Walgreen Corp.*
    175 F.R.D. 638 (N.D. Cal. 1997)...................................................................17

*Thompson v. City of Los Angeles*
    885 F.2d 1439 (9th Cir. 1989) .........................................................................6

*Thornton v. City of St. Helens*
    425 F.3d 1158 (9th Cir. 2005) ....................................................................8, 10

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996) .............................................................................6

*United States v. Safran Group*
    S.A., Case No. 15-cv-00746-LHK, 2017 WL 1862508, at *3 (N.D. Cal. May 9, 2017) ..........18

**Federal Statutes**
42 United States Code § 1983................................................................6, 7, 11, 12, 16

**San Francisco Statutes, Codes & Ordinances**
San Francisco Charter, Article I, § 1.101...................................................................1, 5

San Francisco Charter, Article I, § 4.101.......................................................................5

San Francisco Charter, Article IV, § 4.102.....................................................................1

**Rules**
Federal Rule of Civil Procedure 12(b)(6) ......................................................................4

Federal Rule of Civil Procedure 12(e) ......................................................................1, 16

**Constitutional Provisions**
United States Constitution, Fifth Amendment ...............................................................11

United States Constitution, Fourteenth Amendment ......................................................11

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on March 14, 2024, or as soon thereafter as this matter may be heard, before the Honorable Jacqueline Scott Corley, United States District Court, San Francisco, California, City and County of San Francisco, a municipal corporation erroneously sued as Defendant "San Francisco Police Department (SFPD)" ("Defendant" or the "City") will, and hereby does, specially appear to move the Court for an order dismissing Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) and staying discovery, or in the alternative, for an order requiring a more definite statement under Federal Rule of Civil Procedure 12(e).[2]

As explained more fully in the Memorandum of Points and Authorities, Defendant moves to dismiss Plaintiff's Complaint because its speculative and conclusory allegations do not permit a reasonable inference that an official policy or widespread custom caused the alleged violations of Plaintiff's rights. Plaintiff also fails to state a claim under any of its federal or state legal theories. Additionally, Plaintiff's Complaint should be dismissed as to the City, because Plaintiff has only named the San Francisco Police Department as a Defendant, which is not an independent public corporation with the power to sue or be sued. Plaintiff's state law claims should also be dismissed because Plaintiff has failed to exhaust her administrative remedies, and failed to comply with the government claim presentation requirements before filing a suit against the City. In the alternative, Defendant moves for a more definite statement regarding Plaintiff's allegation that "Defendants" (referring to two federal entities, and a wholly separate department of the City) collectively engaged in all of the conduct in the Complaint. Plaintiff's failure to attribute which officer of which entity engaged in which conduct causes the Complaint allegations to be so vague and ambiguous that Defendant cannot reasonably respond to them. The City further requests that discovery be stayed until the Court holds that a portion of a complaint or an amended complaint survives a motion to dismiss.

///

///

---

[2] Plaintiff also named "United States Department of Homeland Security" and "Federal Protective Services" (together, "Federal Defendants") as defendants. Both entities appear to be federal entities that are not part of the City. The City therefore does not respond on behalf of the Federal Defendants, the federal government, or any of its agencies.

Defendant bases its Motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Complaint, and such argument as may be heard at the hearing on this matter.

Dated: February 8, 2024

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
ABIGAIL H. WALD
Deputy City Attorney

By: */s/ Abigail H. Wald*
ABIGAIL H. WALD

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Reshma Kamath seeks to be awarded millions of dollars for alleged deprivation of her civil rights by the San Francisco Police Department (SFPD), the United States Department of Homeland Security (DHS), and Federal Protective Services (FPS), because she parked illegally multiple times and was ticketed and eventually towed as a result. She also claims an officer yelled at her and slammed a door. While her Complaint uses provocative terminology such as "falsified tickets," Plaintiff fails to allege any facts suggesting that any of the parking tickets were wrongly issued for conduct she did not engage in. Rather, Plaintiff, who identifies as Indian-American, Asian, and a woman of color, alleges that because *she was ticketed, but did not simultaneously witness other vehicles being ticketed*, SFPD, along with the two separate federal defendants, must each have a policy of discriminating against persons based on race, ethnicity, and gender that they were collectively effectuating to harm Plaintiff. Plaintiff's allegations are baseless, speculative, and conclusory. The Complaint does not plausibly establish Plaintiff is entitled to relief for any of her purported claims, whether styled as constitutional or state law violations. Plaintiff's Complaint should also be dismissed as to SFPD, because SFPD is not an independent public corporation with the power to sue or be sued. Plaintiff's state law claims are also precluded because she failed to exhaust her administrative remedies and did not comply with the claim presentation requirements of the Government Claims Act.

## I. STATEMENT OF FACTS

Plaintiff alleges that she is Indian-American, Asian, and a woman of color. (Complaint, ECF No. 1 ("Compl."), ¶¶ 27, 49.) The crux of Plaintiff's Complaint is that she purportedly received three parking tickets for parking in the same location on different days between May and July 2023, and after the third ticket, her car was towed. (Compl. ¶¶ 12-25.) She further alleges that an officer yelled at her, slammed a door in her presence, and did "not allow[]" her to sign paperwork that was needed to have her car returned, because the officer needed to release her vehicle had already left for the day. (Compl. ¶¶ 33, 36, 40.) Plaintiff further alleges that she did not personally witness other cars being ticketed in the "same zone and same road behind the Plaintiff's vehicle, and adjacent from Plaintiff's vehicle" during the times when she saw a ticket on her own car. (Compl. ¶¶ 12-25.)

While Plaintiff does not allege that she was present any of the times that her car was ticketed, she alleges that she later saw SFPD, DHS, and FPS "scanning [her] license plate, and checking the name of the person whom the vehicle belongs to; and, when they saw Reshma Kamath as ownership, the Defendants intentionally and invidiously only gave a ticket to Reshma Kamath based on her race, ethnicity and gender." (Compl. ¶ 26.) Plaintiff does not allege in her Complaint that she was parked legally when her car was ticketed or towed. (*See* Compl. *generally*.) Plaintiff also does not specify whether or not the other cars that she alleges were not ticketed had committed the same parking violation as Plaintiff. (*Id*.) Plaintiff also does not allege the race, gender, or ethnicity of the persons who owned or were operating any of the vehicles she alleges were not ticketed. (*Id*.)

Plaintiff filed this lawsuit the day after she alleges her car was towed, claiming that she was harmed because she lost the use of her car for one day, causing her to "incur[] expenses for alternate transportation" and she experienced "shame" and "mental distress." (Compl. ¶¶ 41, 43-44.) Plaintiff does not allege that she incurred any physical injuries. (*See* Compl. *generally*.) Based on these facts, Plaintiff claims that SFPD, along with two separate federal defendants, DHS and FPS, each violated her rights under both federal and state law.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) is required when a complaint fails to "state a claim upon which relief may be granted." A complaint should be dismissed where "there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It also requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). In evaluating the sufficiency of allegations, the Court must also identify and disregard allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Thus, a complaint that offers mere "labels and conclusions or a

formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks omitted). Likewise, a complaint cannot survive a motion to dismiss if it relies on "naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Id*. at 678; *see also Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.") Vague and conclusory allegations of official participation in civil rights violations are also not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

## III.    ARGUMENT

### A.    San Francisco Police Department Is Not A Properly Joined Defendant

Plaintiff has only named the San Francisco Police Department (SFPD) as a defendant (along with two federal defendants), and has failed to name the City and County of San Francisco (the "City") in her Complaint. The San Francisco Police Department, however, is not a properly joined defendant, because as a City department it does not have the power to sue or be sued, and is not an independent public corporation. *See Bauer v. Ventura Cnty.*, 45 Cal.2d 276, 288–89 (1955); *see also* San Francisco Charter, Art. I, §§ 1.101 (confers right of City to sue and be sued), 4.101 (stating the executive branch is composed of departments), 4.102 (setting forth powers of executive departments and not conferring the right to sue or be sued). While it may be possible for the City and County of San Francisco to be liable based on SFPD's conduct, it is the City and County of San Francisco, not the SFPD itself, which must be named as the defendant. *See e.g., Schiff v. City and Cnty. of San Francisco*, Case No. C 08-4627 PJH, 2009 WL 10110702, at *2 (N.D. Cal. April 15, 2009) (dismissing claims against SFPD because it is not an independent legal public entity); *Hofmann v. City and Cnty. of San Francisco*, 870 F. Supp. 2d 799, 803 (N.D. Cal. 2012) (dismissing SFPD because while "civil liability may attach based on the SFPD's actions, the City has established that it is the authority to appear and defend against such suits and the SFPD has no independent legal existence apart from the City").

**B.  Plaintiff Has Failed to Plausibly State Any Federal or State Law Claims**

Even if Plaintiff were to amend her Complaint to name the City in SFPD's place, her Complaint still fails to state a claim under federal or state law.

**1.  Plaintiff Fails to Allege Any Constitutional Violation Under Section 1983**

Plaintiff fails to state any constitutional claims against the City under 42 U.S.C. § 1983.  Her claims do not satisfy *Monell* as would be needed to state a claim against the City, and are also insufficiently pled to establish a violation whether based on discrimination and selective enforcement, a warrantless seizure, or a due process violation.

**a.  The Complaint Contains Insufficient Allegations of a Policy, Custom, or Practice Required to State a *Monell* Claim**

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 694 (1978), a local government may be sued directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, practice or custom, and not for "an injury inflicted solely by its employees or agents."  And, a showing must be made that an official policy, custom, or practice caused the constitutional tort.  *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 558 (9th Cir. 2018); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) ("a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation").  "Absent a formal governmental policy, [a plaintiff] must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  The practice or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" government policy.  *Id*.  "[P]roof of random acts or isolated events are insufficient to establish custom. Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from custom."  *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) (internal citations omitted), *overruled on other grounds by Bull v. City & Cnty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010); *accord Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) ("A course of conduct is considered to be a 'custom' when, though not

authorized by law, 'such practices of state officials [are] so permanent and well-settled' as to virtually constitute law.").

The Complaint here contains no allegations of conduct committed directly by the City, and only describes the conduct of unnamed "agents" of SFPD, who Plaintiff alleges, without explanation, were also agents of DHS and FPS. It is well settled that "a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). Moreover, while Plaintiff makes a formulaic recitation that a City policy or custom motivated conduct attributed to SFPD (and the federal defendants), she does not allege a single fact in support of this threadbare conclusion. Indeed, Plaintiff's only allegation that a City policy or custom motivated any conduct is that: "Defendants acted pursuant to a policy and/or custom of Defendants without court order and without providing an opportunity to be heard under due process of the Fifth Amendment of the United States Constitution." (Compl. ¶ 52.) This naked assertion can easily be disregarded. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff does not sufficiently allege an official policy, practice or custom on the part of the City that can plausibly be viewed as the moving force behind the conduct plaintiff complains of.

      **b.**      **Plaintiff Fails to State a Section 1983 Claim Predicated on Selective Enforcement and Discrimination**

Even if Plaintiff's constitutional claim were not barred by *Monell*, which it is, Plaintiff still fails to allege any constitutional violation occurred that could support a Section 1983 claim. Turning first to Plaintiff's claim that the City engaged in "selective enforcement and discrimination," the Complaint fails to allege sufficient facts to support such a claim, and instead relies on speculative allegations and unsupported conclusions.

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal quotation marks omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at

least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (internal quotation marks omitted). "Mere indifference to the effects of a decision on a particular class does not give rise to an equal protection claim." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Likewise, "[e]vidence of different treatment of unlike groups does not support an equal protection claim." *Id.* at 1168. "The goal of identifying a similarly situated class . . . is to isolate the factor allegedly subject to impermissible discrimination. The similarly situated group is the control group." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995).

Selective enforcement is also a species of equal protection claims. "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation so long as the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Snowden v. Hughes*, 321 U.S. 1, 8, (1944) ("The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional and purposeful discrimination.").

To state a claim for selective enforcement, a plaintiff must allege: "(1) that he was treated differently from others similarly situated; (2) that this unequal treatment was based on an impermissible classification; (3) that the defendant acted with discriminatory intent in applying this classification; and (4) that he suffered injury as a result of the discriminatory classification." *Lopez v. City and Cnty. of San Francisco*, No. 12-CV-06523-MEJ, 2014 WL 2943417, at *11 (N.D. Cal. June 30, 2014).

To show that the plaintiff was treated differently under the first element, plaintiff must show that "others generally are not prosecuted for the same conduct." *Sepatis v. City & Cnty. of San Francisco*, No. C-08-02497JCS, 2009 WL 1833991, at *10 (N.D. Cal. June 24, 2009), *aff'd*, 403 F. App'x 224 (9th Cir. 2010) (granting summary judgment for defendant on selective enforcement claim where plaintiff, whose car was towed following a suspected hit-and-run, did not provide sufficient

evidence to identify similarly situated individuals, meaning other residents of San Francisco who are suspected of a hit-and-run, who did not have their cars towed).

To show a discriminatory purpose or intent to plausibly allege the third element, a plaintiff must show "the decision-maker . . . selected or affirmed a particular course of action at least in part 'because-of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007) (affirming judgment finding no evidence of selective enforcement where plaintiff fails to identify a similarly situated group that was treated differently) *see also Cuviello v. City & Cnty. of San Francisco*, 940 F. Supp. 2d 1071, 1097 (N.D. Cal. 2013) (dismissing selective enforcement claim where plaintiff did not allege there were "other members of the public . . . engaging in the same sorts of activities as Plaintiffs" who were "treated more favorably").

In *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019), for example, the Ninth Circuit affirmed dismissal of a claim for selective enforcement that alleged a University "disciplined male students for sexual misconduct, but never female students" and was therefore "biased against men." Finding this allegation of gender-based disparate impact unavailing, the Ninth Circuit noted that the complaint failed to claim "that any female University students have been accused of comparable misconduct, and thus fails to allege that similarly situated students—those accused of sexual misconduct—are disciplined unequally." *Id*. The Ninth Circuit further noted, in agreement with the district court's order, that "[s]imply because enforcement is asymmetrical does not mean that it is selectively so." *Id*.

Here, Plaintiff fails to plausibly allege that she was treated differently to others similarly situated, and offers no facts supporting that any purported unequal treatment was based on an impermissible classification. Significantly, Plaintiff does not allege the race, gender, or ethnicity of any other vehicle owner or driver that Plaintiff alleges was not ticketed. Plaintiff has therefore not shown that drivers of other races, ethnicities, or genders were not prosecuted for the same conduct. Moreover, Plaintiff also fails to provide sufficient information to determine whether or not the other vehicles she claims were not ticketed were engaged in the same parking violation as she was. Plaintiff also does not even provide sufficient information to determine that similar enforcement did not occur

for such other drivers (*e.g.*, that other drivers were not ultimately ticketed earlier or later in the day). Accordingly, Plaintiff has failed to allege any other vehicles were, in fact, similarly situated and ultimately treated differently, and has likewise failed to allege any facts that would support that any impermissible classification motivated any differential treatment. This precludes her claim.

Plaintiff also does not allege any facts from which discriminatory intent may be inferred. Plaintiff does not allege that any of the officers she interacted with ever made disparaging statements based on race, ethnicity or gender, or ever referenced Plaintiff's race, ethnicity, or gender to her or at any other time. A discriminatory purpose is not presumed and it is the plaintiff's burden to allege "a showing of clear and intentional discrimination." *Snowden v. Hughes*, 321 U.S. 1, 8 (1944). Plaintiff's claim that "Defendants intentionally and invidiously only gave a ticket to Reshma Kamath based on her race, ethnicity and gender" is an entirely subjective interpretation by a plaintiff party, and attributing a discriminatory motivation to the City on such basis is "purely conclusory" and is therefore properly disregarded. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 n.4 (9th Cir. 2005).

As Plaintiff's allegations of race, ethnicity, or gender-based discrimination and selective enforcement are all conclusory or speculative, the Court should dismiss Plaintiff's Section 1983 claim based on discrimination and selective enforcement.

### c. Plaintiff Has Not Alleged an Unreasonable Seizure Under the Fourth Amendment

It is well-settled that police have authority to seize and remove vehicles for traffic violations, and doing so does not violate the Fourth Amendment. *See S. Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976) ("Police will also frequently remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic. The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge.")

While Plaintiff alleges that her vehicle was wrongfully taken without a warrant (Compl. ¶¶ 46-47), the allegations in the Complaint do not support that any unreasonable seizure occurred. Rather, Plaintiff's Complaint merely demonstrates that she was subject to a routine, legal tow after parking

10

illegally multiple times, and after being clearly provided with notice that she was parking in a tow-away zone (Compl. ¶ 20). Plaintiff does not allege any facts that would cast doubt on whether she was, in fact, parked illegally when she was ticketed and subsequently lawfully towed. The Court should dismiss Plaintiff's Section 1983 claim based on an unreasonable seizure under the Fourth Amendment.

### d. Plaintiff Has Not Alleged Any Due Process Violation

Due process only requires that individuals have an opportunity to be heard at a meaningful time and in a meaningful manner.[3] *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003). Courts have routinely held that the Vehicle Code procedures for administrative review of parking citations satisfy procedural due process standards. *Moore v. City of Santa Monica*, 185 Fed. App'x. 661 (9th Cir. 2006) (affirming the dismissal with prejudice of the *pro se* plaintiffs' due process claims arising from parking tickets he received in Santa Monica because California provides an "adequate and prompt post-deprivation remedy"); *Love v. City of Monterey*, 37 Cal. App. 4th 562, 586 (1995) (holding that "the statutory scheme for contesting parking tickets does not violate due process requirements") (citing *Tyler v. City of Alameda*, 34 Cal. App. 4th 777, 787 (1995)). Even where a Plaintiff alleges that a parking violation was wrongful, it will not amount to a procedural due process violation "where there is a process in place to contest the citation." *Chang v. Rockridge Manor Condo.*, No. C-07-4005 EMC, 2008 WL 2683075, at *8 (N.D. Cal. Jul. 3, 2008), *aff'd*, 344 F. App'x 365 (9th Cir. 2009) (dismissing section 1983 claim for failure to state a claim where plaintiff alleged she was unlawfully cited for a parking violation, due to adequate state court processes and remedies available to contest citations).

The Ninth Circuit has also already determined that due process does not require a vehicle owner be entitled to a pre-towing hearing, pre-towing notice, or an opportunity to immediately contest

---

[3] The Complaint alleges all defendants violated the due process requirements of both the Fifth and Fourteenth Amendment. For avoidance of doubt, the due process requirements of the Fifth Amendment only apply to the federal government. *E.g., Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]"). Accordingly, the City cannot be subject to a Section 1983 claim based on a due process violation under the Fifth Amendment, as it is not part of the federal government.

the tow before getting their vehicle back. *Scofield v. City of Hillsborough*, 862 F.2d 759, 766 (9th Cir. 1988) ("injury caused by a justified deprivation, including distress, is not properly compensable under § 1983."). Additionally, due process does not require that a towed vehicle be released to an owner on demand. *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir. 1982) (holding that "the government's interest in efficient and inexpensive towage of illegally parked automobiles is sufficient to outweigh the private interest in return-on-demand.")

While Plaintiff alleges that her vehicle was wrongfully taken without due process (Compl. ¶¶ 46-47), the allegations in the Complaint do not support that any due process violations occurred. Even if Plaintiff contends the parking tickets and tow were wrongful,[4] Plaintiff nonetheless had the opportunity to contest those tickets and the towing incident via the administrative hearing process pursuant to California Vehicle Code § 40215(c)(3), as further explained in Section III.B.2.a. *infra*. Plaintiff therefore had due process available to her as an adequate post-deprivation remedy. Ticketing and towing are both permitted under the California Vehicle Code, and any disputes relating to the ticketing or towing of the subject vehicle are subject to the well-defined administrative procedures further explained below. Plaintiff even admits she had notice her car would be towed, having previously received a ticket indicating she was in a "tow-away zone" (Compl. ¶ 20.) Plaintiff does not allege she was deprived of the opportunity to contest her tow, only that she was not immediately able to complete paperwork to release her vehicle, after learning of the tow. (Compl. ¶¶ 33, 36, 40.) But the Ninth Circuit has already rejected the argument that due process could be violated by a vehicle owner being unable to obtain the immediate return of their vehicle on demand. *Goichman*, 682 F.2d at 1324–25. Accordingly, the Complaint fails to state any facts demonstrating that the City engaged in any unconstitutional towing policies or customs that would support liability for a due process violation under 42 U.S.C. § 1983.

///

///

---

[4] Aside from calling the parking tickets "falsified" at various points in the Complaint, Plaintiff never even alleges that she did not engage in the conduct that she was ticketed for, nor provides any facts that would support such an assertion.

Plaintiff's allegations fare no better recast as state law violations.  Plaintiff has failed to exhaust the administrative requirements to bring her conversion claim, and failed to comply with the government claims presentation requirements for her civil assault claim, which is also insufficiently pled as a matter of law.

a.     **Plaintiff Cannot State a Claim for Conversion**

Plaintiff's state law claim for conversion appears to be based solely on a parking ticket and towing incident.  However, no remedies are available in federal court for harms stemming from a parking/towing incident subject to clearly-defined state administrative procedures, which Plaintiff has disregarded.  Because Plaintiff has failed to exhaust her administrative remedies, she cannot state a claim for conversion based on her parking/towing incident.

"The doctrine of exhaustion of administrative remedies provides that 'where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' . . . The doctrine is 'a fundamental rule of procedure laid down by courts of last resort, following under the doctrine of stare decisis, and binding upon all courts.'" *Plaza v. Hollister Ltd. P'ship v. Cnty. of San Benito*, 72 Cal. App. 4th 1, 29 (1999).  Compliance with the doctrine "is a jurisdictional prerequisite, not a matter of judicial discretion."  *Yamaha Motor Corp. v. Superior Court*, 185 Cal. App. 3d 1232, 1240 (Ct. App. 1986).

The California Vehicle Code sets forth California's civil administrative procedure for contesting parking citations.  *See* Cal. Veh. Code §§ 40200 *et seq.*  Under California Vehicle Code section 40200, *et seq.*, Plaintiff had the ability to contest a parking citation through (1) an initial review by the issuing agency (Cal. Veh. Code § 40215(a)); (2) a subsequent "independent, objective, fair and impartial" administrative hearing (Cal. Veh. Code § 40215(c)(3)); and (3) review of the administrative hearing by "appeal to be heard by the . . . superior court. . .." (Cal. Veh. Code § 40230(a)).  No appeal lies from the judgment of the Superior Court in light of "the specific and comprehensive nature of the statutory scheme provided in section 40200 *et seq.*, and the clear legislative intent that the courts have limited involvement in the determination of liability for parking violations...." *Smith v. City of Los Angeles Dep't of Transp.*, 59 Cal. App. 4th Supp. 7, 10 (1997); *see*

*also Lagos v. City of Oakland*, 41 Cal. App. 4th Supp. 10, 12 (1995) (concluding that "the Legislature intended this 'de novo' review of the administrative decision to be the extent of the process due a parking violation contestant," and dismissing a further appeal for lack of jurisdiction).

The California Vehicle Code promulgates that administrative hearings are the *exclusive* avenue for review of parking and towing issues. In *Smith*, for example, the appellate department of the superior court concluded that "the procedure for review set forth in § 40200 *et seq.* is the only procedure available to contest a parking citation." 59 Cal. App. 4th Supp. at 7. Plaintiff should not be excused for her non-compliance with the California Vehicle Code, which governs the ticketing and tow process. Plaintiff has failed to allege compliance with the administrative hearing and appeals process necessary for compliance with the exhaustion requirement, and her state law claim for conversion should therefore be dismissed.[5]

### b. Plaintiff Does Not State a Claim for Civil Assault

Plaintiff's claim for assault is barred because Plaintiff failed to comply with the government claims presentation requirements or state why such process was excused. Additionally, Plaintiff's claim should be dismissed because she has failed to plausibly allege the elements of assault.

### (1) Plaintiff's Assault Claim Is Barred by her Failure to Comply with the Government Claims Act

Plaintiff also cannot proceed with her state law claims against the City because she failed to timely file a government claim. Under section 911.2(a) of the California Government Code, "[a] claim relating to a cause of action for death or for injury to person or to personal property ... shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than six months after the accrual of the cause of action." Section 945.4 of the California Government Code thereafter states that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented…until a written claim therefor has been

---

[5] Additionally, it is not clear from the Complaint how SFPD was involved in the towing of Plaintiff's vehicle. While Plaintiff makes a conclusory claim that all three Defendants issued her tickets and towed her vehicle (Compl. ¶ 12), other alleged facts contradict this claim; namely, Plaintiff stated that she was in "the office of the DHS FPS" when she tried to obtain the release of her towed vehicle, implying that a federal defendant ordered the tow, rather than SFPD. (Compl. ¶ 56.)

presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board[.]" The California Supreme Court has thus held that "under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1239 (2004). Because Plaintiff has failed to allege that she complied with the government claims presentation requirement or state why such process is excused, her state law claims against the City must be dismissed. *Id.* (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action.")

### (2) Plaintiff Fails to Plausibly Allege the Elements of Assault

Plaintiff cannot state a claim for civil assault because she fails to allege that any City employee attempted to violently harm her. In California, to state a claim for civil assault, Plaintiff will need to allege that there was "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1604 (2012) (quoting Penal Code § 240). Additionally, proof of a criminal assault "requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." *People v. Williams*, 26 Cal.4th 779, 790 (2001).

Courts have further held that "while apprehension of that contact is the basis of assault…mere words," no matter how threatening, "will not amount to an assault." *Plotnik*, 208 Cal. App. 4th at 1604. In *Plotnik*, for example, a California Court of Appeal reversed a judgment awarding damages for civil assault where defendants "aggressively approached [the plaintiff] and threatened to both beat and kill him and the family dog." *Id.* Because the plaintiff "did not testify that either [defendant] displayed a weapon, took a swing at [plaintiff], or otherwise attempted to touch [plaintiff]" the elements of civil assault were not met. Plaintiff alleges even less here—while she claims that an

officer yelled and slammed a door in her presence,[6] she does not even allege that anyone threatened to harm her, no less actually attempted to physically harm her, or succeeded in physically harming her. Indeed, another court in this district rejected the notion that slamming a door could be characterized as assault. *Farquhar v. Hamlet*, No. C 01-2807 CRB (PR), 2001 WL 1218569, at *2 (N.D. Cal. Oct. 9, 2001) (dismissing § 1983, based in part on an allegation of "assault" on a prisoner in violation of the Eighth Amendment). Plaintiff also fails to allege how the person(s) she accuses of yelling, and slamming a door in her presence was an "agent" of both SFPD and the Federal Defendants. Given Plaintiff's later allegations that she was in "the office of the DHS FPS" during the alleged incident (Compl. ¶ 56), there is no basis to assume one way or another that any City employee or officer was involved. This claim could be dismissed as to the City on this basis alone.

## C. In the Alternative, Defendant Moves for a More Definite Statement

If the Court denies the City's motion to dismiss, the City seeks a more definite statement regarding the City's involvement in Plaintiff's allegations.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Plaintiff attributes all conduct in her Complaint to all three defendants collectively, without explaining how a federal executive department, a federal law enforcement agency, and the City's police department could all be collectively liable for the conduct in the Complaint. (*See* Compl. generally.) Without more context as to which officers of which agencies engaged in the various conduct complained of, the City cannot reasonably prepare a response to the allegations. For example, Plaintiff purports to bring an assault count against all three defendants, but alleges that it is based on

---

[6] While Plaintiff at one point vaguely phrases this conduct as "slamming the door on her" (Compl. ¶ 36), she does not actually allege that the door ever touched her, came close to touching her, or that the officer even intended the door to touch her. Moreover, she only alleges economic and emotional injuries and does not describe ever being physically harmed. (Compl. ¶¶ 41, 43-44.) Without alleging such necessary supporting facts, Plaintiff's naked assertion that the door was slammed "on her" is insufficient to support a claim for assault. *Iqbal*, 556 U.S. at 678 (a complaint cannot survive a motion to dismiss if it relies on "naked assertion[s] devoid of further factual enhancement.")

one officer's conduct (who she alleges is the same officer who towed her vehicle). (Compl. ¶ 33). She does not state who employs the officer. Instead, Plaintiff is purposely vague about whether such officer is employed by SFPD, or one of the federal defendants, and does not explain how this one officer was acting on behalf of a local police department and two federal defendants. Additionally, while Plaintiff claims agents of SFPD, and both federal defendants issued her tickets and towed Plaintiff's vehicle (Compl. ¶ 12), Plaintiff later claims that she was in "the office of the DHS FPS" when she tried to obtain the release of her towed vehicle, and does not state how SFPD was at all involved in the towing of Plaintiff's vehicle. (Compl. ¶ 56.)

The Court should order Plaintiff to clarify the employer for each officer (or government employee) mentioned in the Complaint, including specifying which officer(s) or employee(s) issued each ticket to Plaintiff, which officer(s) or employee(s) caused Plaintiff's car be towed, who towed Plaintiff's car (Compl. ¶¶ 12-25), and which officer(s) or employee(s) allegedly yelled at Plaintiff, slammed the door, and prevented her from signing the papers required to release her car. (Compl. ¶¶ 33, 36, 40.)

## IV.     REQUEST FOR STAY OF DISCOVERY

The Court's inherent powers include the power to control the parameters and timing of discovery. *In re Google Digital Adver. Antitrust Litig.*, Case. No. 20-cv-03556-BLF, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (holding a district court has "wide discretion in controlling discovery"). In this case, a stay of discovery until either the City answers an amended complaint or the Court rules that some portion of an amended complaint survives a motion to dismiss is appropriate. The Complaint plainly falls short of the necessary pleading standard and Plaintiff should not be able to use a complaint as a pretext or a fishing expedition. *See e.g. State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997) (holding that prior to filing a complaint the plaintiff must "possess a reasonable belief based on upon articulable facts that a wrong has occurred. The claim itself cannot be used as a means for discovering that wrong."). Further, the parties need not engage in discovery for a complaint that may ultimately be dismissed at the pleading stage. Therefore, the City requests the Court stay discovery between the City and Plaintiff until either the City answers a complaint or amended complaint or the Court finds that a complaint or amended complaint states a

claim against the City. *See United States v. Safran Group*, S.A., Case No. 15-cv-00746-LHK, 2017 WL 1862508, at *3 (N.D. Cal. May 9, 2017), *aff'd sub nom. Hascoet ex rel. United States v. Morpho S.A.*, 770 F. App'x 808 (9th Cir. 2019) (recognizing order to stay discovery "until Relators could state a legally sufficient claim").

## V.  CONCLUSION

For the foregoing reasons, the city respectfully requests the Court to dismiss Plaintiff's Complaint with prejudice.  In the alternative, Defendant asks the Court to order Plaintiff to provide a more definite statement consistent with Defendant's request in Section III.C. of this Motion.  Finally, Defendant respectfully requests a stay of all discovery, including initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1), unless and until the Court holds that a portion of a complaint or an amended complaint survives a motion to dismiss.

Dated:  February 8, 2024

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
ABIGAIL H. WALD
Deputy City Attorney


By: */s/ Abigail H. Wald*
ABIGAIL H. WALD

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO