**RESHMA KAMATH**

700 El Camino Real, Suite 120, #1084

Menlo Park, California 94025, United States

Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

*IN PROPRIA PERSONA*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **RESHMA KAMATH,** | **Case Number: 3:23-CV-3531-JSC** |
| **Plaintiff,** | **OPPOSITION** |
| **v.** | **HEARING:**<br>Date: March 14, 2024<br>Time: 10:00 a.m. Pacific Time<br>Place: Courtroom 8 - 19th Floor 450<br>Golden Gate Ave. San Francisco, CA<br>94102 |
| **SAN FRANCISCO POLICE DEPARTMENT (SFPD); UNITED STATES DEPARTMENT OF HOMELAND SECURITY; FEDERAL PROTECTIVE SERVICES; AND DOES 1-10, INCLUSIVE,** | |
| **Defendants.** | |

**OPPOSITION**

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**…………………………………………………………...6

**LAW**…………………………………………………………........................8

**ARGUMENT**…………………………………………………...........9

**I.    PLAINTIFF RESHMA KAMATH HAS PLAUSIBILY AND POSSIBLY PLED FACTUAL ALLEGATIONS TO SURVIVE A FED. *RUL. CIV. PROC. RUL.* 12 (B) (6) MOTION TO DISMISS.** …………………………………………9

**II.    PLAINTIFF RESHMA KAMATH HAS ADEQUATELY PLED FACTUAL ALLEGATIONS TO EACH CAUSE OF ACTION PLED IN THE COMPLAINT.** …………………………………………………...........10

**III.    PLAINTIFF RESHMA KAMATH HAS PICTORAL AND VIDEO EVIDENCE RELATED TO HER FACTUAL ALLEGATIONS AGAINST DEFENDANT SAN FRANCISCO POLICE DEPARTMENT.** ……………..22

**IV.    THE CITY AND COUNTY ARE NOT REQUIRED TO BE NAMED AS DEFENDANTS FOR THE DEFENDANT SAN FRANCISCO POLICE DEPARTMENT TO BE NAMED AS A SUABLE 1983 DEFENDANT HEREIN.** …………………………………………………....................23

**V.    IN THE ALTERNATIVE, LEAVE TO AMEND MUST BE LIBERALLY GRANTED.** ……………………………………………..23

**CONCLUSION**…………………………………………………...........24

**OPPOSITION**

RESHMA KAMATH

**TABLE OF AUTHORITIES**

***Cases***

*Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1471, 150 Cal.Rptr.3d 735…………………………………………………………..........9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) …………………………….....*passim*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ……………………… *passim*

*Bullock v. City and County of San Francisco* (1990) 221 Cal.App.3d 1072, 1088, 271 Cal.Rptr. 44. ……………………………………………………………...9

*Burlesci v. Peter sen* (1998) 68 Cal.App.4th 1062, 1066 [ 80 Cal.Rptr.2d 704]…..18

*City of Oklahoma City v. Tuttle,* 471 U.S. 808, 822 (1985) …………………....*passim*

*Coal. on Homelessness v. City of San Francisco* (2023) 93 Cal.App.5th 928, 944 ………………………………………………......…………………………*passim*

*Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)………………………………………………….......*passim*

*Cruz v. Beto,* 405 U.S. 319, 322 (1972)… ……………………………………...10

*Davis v. Scherer,* 468 U.S. 183 (1984) ……………………………………….10

*Delon Hampton & Associates, Chartered v. Superior Court* (2014) 227 Cal.App.4th 250, 254, 173 Cal.Rptr.3d 407………………………………………………..10

*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6, 40 Cal.Rptr.3d 205, 129 P.3d 394 .………………………………………………………………………...…10

**OPPOSITION**

RESHMA KAMATH

*Farrington v. A. Teichert & Son, Inc.*, 59 Cal.App.2d 468, 139 P.2d 80, 83 (1943)18

*Fischer v. Machado* (1996) 50 Cal.App.4th 1069, 1072-1073 [58Cal.Rptr.2d 213]18

*Jensen v. City of Oxnard* (9th Cir.1998) 145 F.3d 1078, 1082……………………..9

*Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 n. 2 (9th Cir. 1988)23

*Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978) …………………….……………………………….*passim*

*Miranda v. City of Cornelius* (9th Cir. 2005) 429 F.3d 858, 862, 865……..... *passim*

*Mullane v. Cent. Hanover Bank Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)……….……….……………….……………….………………….16

*Osborne v. District Attorney's Office for Third Judicial Dist.* (9th Cir.2005) 423 F.3d 1050, 1052……….…………….……………….……….……………...9

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997)

*Redman v. County of San Diego* (9th Cir. 1991) 942 F.2d 1435……..………....*passim*

*Save the Sunset Strip Coalition v. City of West Hollywood* (2001) 87 Cal.App.4th 1172, 1177–1178, 105 Cal.Rptr.2d 172…………….……………………………19

*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) …………………………………10

*Shaw v. California Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 605 (9th Cir. 1986).…………………….…………….………………………….…....*passim*

*Streit v. County of Los Angeles* (9th Cir. 2001) 236 F.3d 552……………………..23

**OPPOSITION**

RESHMA KAMATH

4

*S. Dakota v. Opperman* (1976) 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000. ………………………………………………………………………………………...20

*Tavernier v. Maes*, 242 Cal.App.2d 532, 51 Cal.Rptr. 575, 587-88 (1966)………..18

*Trevino v. Gates* (9th Cir. 1996) 99 F.3d 911, 918……..………………………………7

*Tyan, Inc. v. Garcia* (C.D. Cal., May 2, 2017, No. CV 15-05443-MWF (JPRx)) [pp. 8]. ………………………………………………………………………………….…..13

*Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208, 166 Cal.Rptr.3d 877. ………………………………………………………………………………………...18

*Zinermon v. Burch,* 494 U.S. 113, 132, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)….16

### ***Rules & Statutes***

Fed. *Rul. Civ. Proc. Rul.* 7……………………………………………………………...8

Fed. *Rul. Civ. Proc. Rul.* 8A. ………………………………………………………...8

Fed. *Rul. Civ. Proc. Rul.* 17(b) ……………………………………………………....23

California Evidence Code Section 200……………………………………………....23

California Vehicle Code Section 22651(i)(1) ………………………………………...20

### ***Miscellaneous***

42 U.S.C. section 1983…………………………………………………….........*passim*

United States Constitution Fourth Amendment……………………………….*passim*

Judicial Council of Cal. Civil Jury Instructions No. 2100…………………………18

Webster's Third New International Dictionary 1754 (1981) ………………………5

**OPPOSITION**

# OPPOSITION

# INTRODUCTION

Plaintiff Reshma Kamath is a whistle-blower against the discriminatory practices of the Defendant San Francisco Police Department.

A true and correct picture(s) of vehicles parked on 450 Golden Gate Ave., San Francisco, California that Plaintiff Reshma Kamath documented in real-time are attached to the opposition in **Exhibit A** and incorporated via reference herein.

A true and correct video(s) of vehicles parked on 450 Golden Gate Ave., San Francisco, California that Plaintiff Reshma Kamath documented in real-time attached to the opposition in **Exhibit B** and incorporated via reference herein.

As the Supreme Court has stated repeatedly, to impose liability on a local government, the act or omission causing the deprivation of a constitutional right must be pursuant to an official policy or custom. See, e.g., *Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). See *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 822 (1985) (holding that "where the policy relied upon is not itself unconstitutional, considerable more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the policy and the constitutional deprivation."). *Here*, the policy or custom is as simple as whether

**OPPOSITION**

RESHMA KAMATH

vehicles can be parked on 450 Golden Gate Ave., San Francisco outside the federal Phillip Burton building. If not, then Defendant San Francisco Police Department needs to elaborate why it lets several civilians and non-authorized individuals and vehicles park on that road on either side on different days – when there is a stated policy that claims otherwise – while not letting specific persons, such as Plaintiff Reshma Kamath parked therein.

Absent a formal government policy that is unconstitutional, Plaintiff Reshma Kamath has proven in the Complaint to demonstrate the existence of a "longstanding practice or custom" of retaliatory vehicle tows. *Trevino v.* Gates (9th Cir. 1996) 99 F.3d 911, 918. As the Ninth Circuit explained in *Trevino*,

> "The custom must be so persistent and widespread that it constitutes a permanent and well-settled city policy. . . . Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."

Plaintiff Reshma Kamath has met her burden in the Complaint, or can should leave to amend be granted.

Unlike what Defendant San Francisco Police Department seems to insinuate, Plaintiff Reshma Kamath has no other basis for relief except to seek monetary damages to be made whole in this situation. Defendants San Francisco Police Department have even failed to properly follow the Ninth Circuit's basic rule of 14-

**OPPOSITION**



7

font and the pleading paper line is missing in San Francisco Police Department's Motion to Dismiss.

Thus, the Complaint can survive for adequately pleading factual allegations to meet the plausibility and possibility standards of Fed. *Rul. Civ. Proc. Rul.* 7 and 8A. Both the notice and fact-pleading requirements were met in the Complaint.

The Defendant's motion to dismiss must be denied, and in the alternative, the leave to amend must be liberally granted.

## **LAW**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To uphold a dismissal [for failure to state a claim for relief, the federal counterpart of our general demurrer], it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." [Citation.]'" *Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455,

**OPPOSITION**



8

1471, 150 Cal.Rptr.3d 735 (Arce), quoting *Bullock v. City and County of San Francisco* (1990) 221 Cal.App.3d 1072, 1088, 271 Cal.Rptr. 44. "Therefore, dismissal is proper only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief.' (*Osborne v. District Attorney's Office for Third Judicial Dist.* (9th Cir.2005) 423 F.3d 1050, 1052; see *Jensen v. City of Oxnard* (9th Cir.1998) 145 F.3d 1078, 1082 (Jensen ).)"

## <u>ARGUMENT</u>

"Actions speak louder than words." Wise *Abraham Lincoln* in the year 1856 that Mark Twain reiterated.

## I. PLAINTIFF RESHMA KAMATH HAS PLAUSIBILY AND POSSIBLY PLED FACTUAL ALLEGATIONS TO SURVIVE A FED. *RUL. CIV. PROC. RUL.* 12 (B) (6) MOTION TO DISMISS

In this Complaint, Plaintiff Reshma Kamath has surpassed putative statements – rather relying on tenable facts.

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with defendant's liability, it 'stops short of the line between possibility and

**OPPOSITION**

RESHMA KAMATH

plausibility of entitlement to relief.'" Id. (quoting *Twombly, 550* U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer,* 468 U.S. 183 (1984); *Cruz v. Beto,* 405 U.S. 319, 322 (1972).

This Court must construe the complaint's alleged facts liberally and give the complaint a reasonable interpretation, reading the complaint as a whole and reading its parts in their context. *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6, 40 Cal.Rptr.3d 205, 129 P.3d 394; *Delon Hampton & Associates, Chartered v. Superior Court* (2014) 227 Cal.App.4th 250, 254, 173 Cal.Rptr.3d 407.

## II.  PLAINTIFF RESHMA KAMATH HAS ADEQUATELY PLED FACTUAL ALLEGATIONS TO EACH CAUSE OF ACTION PLED IN THE COMPLAINT

Plaintiff Reshma Kamath has adequately pled the 1983 allegations that while Plaintiff Reshma Kamath was ticketed and her car-towed, while those similarly-situated while parked on the same street of 450 Golden Gate Ave., San Francisco, California, in the same locations were not ticketed and not towed. ***Exhibits A, B to the Opposition.***

Defendants San Francisco Police Department have violated Plaintiff Reshma Kamath's constitutional rights – when no exigent circumstances to obstruct such

**OPPOSITION**



10

parking of Plaintiff – while allowing other similarly-situated public members to park on the same street.

## A.  PLAINTIFF RESHMA KAMATH HAS ADEQUATELY PLED FACTUAL ALLEGATIONS TO 42 USC 1983 MONELL POLICY OR CUSTOM CLAIMS

***SFPD as governmental agency***

Allegations of *Monell* violations in the Complaint pled against the Defendant San Francisco Police Department are imputed to the City and County of San Francisco – whether or not the latter are named as defendants in the Complaint.

Plaintiff Reshma Kamath contends that Defendant San Francisco Police Department is an agency, because Defendant, in its Motion to Dismiss, concedes that it is a department of the City and County of San Francisco. Plaintiff Reshma Kamath contends that as a governmental agency, any policy or custom under *Monell* applies to the Defendant San Francisco Police Department. Plaintiff Reshma Kamath is not seeking vicarious liability or *respondeat superior*.

Section 1983 states, in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." (42 U.S.C. § 1983, italics added.)

**OPPOSITION**



In *Monell, supra,* 436 U.S. at page 658, in which the Supreme Court held local governmental entities and local officials can be liable under the statute when an official policy or custom leads to the violation of a federally secured civil right. (Id. at pp. 690–691.) The high court reached this conclusion after an exhaustive examination of the legislative history of section 1983 (enacted as § 1 of the 1871 Civil Rights Act) and the statutory language. *Monell,* at pp. 665–695. "Our analysis of the legislative history of the Civil Rights Act ... compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." Id. at p. 690, 98 S.Ct. 2018. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at p. 694.

For example, in this case, Plaintiff Reshma Kamath has established liability for governmental entity, Defendant San Francisco Police Department under Monell, Plaintiff has proven that: (1) Plaintiff Reshma Kamath had a constitutional right of parking freely (when no exigency was stated) to which Plaintiff Reshma Kamath was deprived; (2) Defendant San Francisco Police Department had a policy of not parking at certain locations such as 450 Golden Gate Ave., San Francisco, California while allowing several public members park there on different days without

**OPPOSITION**



enforcing such a policy against them while causing towing/ticketing of Plaintiff Reshma Kamath's car; (3) the Defendant San Francisco Police Department's policy amounts to deliberate indifference to Plaintiff Reshma Kamath's constitutional rights; and (4) that Defendant San Francisco Police Department's policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997).

Similarly, in *Redman v. County of San Diego* (9th Cir. 1991) 942 F.2d 1435, the court holding that a county sheriff in California could be found to have been deliberately indifferent where the sheriff "knew or reasonably should have known of the overcrowding at a facility under his administration and . . . he acquiesced in a deficient policy that was a moving force."

The agents of Defendant San Francisco Police Department, including but not limited to Steve Glumas, and those were the police officers in Exhibit B who committed the Monell violation. See, where "Tsotsikyan and Leon became concerned that Garcia was towing cars in exchange for illegal kickbacks from L&M Towing." *Tyan, Inc. v. Garcia* (C.D. Cal., May 2, 2017, No. CV 15-05443- MWF (JPRx)) [pp. 8].

## *Policy*

The Monell liability against Defendants San Francisco Police Department turns on the term "policy".

**OPPOSITION**



"The term "policy" "generally implies a course of action consciously chosen from among various alternatives." *City of Oklahoma v. Tuttle,* 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). Monell imposes liability for injuries resulting from such a choice," *Redman v. County of San Diego* (9th Cir. 1991) 942 F.2d 1435, 1445.

Defendant San Francisco Police Department consciously decided to choose an action among various alternatives. This indifference is specific to why other cars on the same street were not towed where Plaintiff Reshma Kamath has demonstrated pictorially that those individuals and vehicles were civilian vehicles without authorization. Plaintiff Reshma Kamath is not challenging the towing or why her car was towed – had the Defendant San Francisco Police Department carried out such a policy to all individuals on that particular street following that policy then there would be no discrimination. However, as Plaintiff Reshma Kamath had observed, Defendant San Francisco Police Department was allowing several civilian vehicles and individuals park their cars as and when they wanted – at either side of the 450 Golden Gate Ave., San Franscisco, California; whereas Defendant San Francisco Police Department particularly targeted Plaintiff and her vehicle. The day prior to the Defendant San Francisco Police Department's towing there were two officers in their official car who parked next to Plaintiff Reshma Kamath's car and were watching her as she drove from the parking. These were the same officers the next

**OPPOSITION**



day that would not let Plaintiff get her car released in the afternoon claiming one particular officer was gone for the day.

A policy may be shown "where — and only where — a deliberate choice to follow a course of action is made from among various alternatives" by policymakers. *Meehan v. County of Los Angeles,* 856 F.2d 102, 107 (9th Cir. 1988) (quoting *Pembaur*, 475 U.S. at 483-84, 106 S.Ct. at 1300).

A "policy" is defined as a deliberate choice made by officials with final authority over the subject matter at issue. See also *Pembaur,* 475 U.S. at 481 n. 9, 106 S.Ct. at 1299 n. 9 (a "policy" is a " 'specific decision . . . designed to carry out such a chosen course of action.' ") (quoting Webster's Third New International Dictionary 1754 (1981)); *Tuttle*, 471 U.S. at 823, 105 S.Ct. at 2436 (the term "policy" "generally implies a course of action consciously chosen from among various alternatives").

In *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205-06, 103 L.Ed.2d 412 (1989), the Supreme Court held inadequate training could represent a "policy" for which liability could be imposed upon a local government. To establish the existence of such a policy, the Court required proof of facts evidencing the local government's awareness of a high probability of harm if the government failed to act. *Redman v. County of San Diego* (9th Cir. 1991) 942 F.2d 1435.

**OPPOSITION**

RESHMA KAMATH

In a recent case decided in the U.S. District Court for the Northern District of Illinois, the court denied the defendant officers' motion to dismiss on grounds that the plaintiffs had plausibly stated a Monell custom claim for "fail[ing] to investigate citizen complaints and abdicated its responsibility to train, supervise, discipline, and control its officers." *Baker v. City of Chicago*, 483 F. Supp. 3d 543 (N.D. Ill. 2020).

**B.    PLAINTIFF RESHMA KAMATH HAS ADEQUATELY PLED FACTUAL ALLEGATIONS OF DUE PROCESS VIOLATIONS.**

No state may "deprive any person of life, liberty, or property, without due process of law." The courts have long interpreted this — along with the parallel restriction on the federal government in the Fifth Amendment — to require that notice generally be given before the government may seize property. See *Mullane v. Cent. Hanover Bank Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."); see *also Zinermon v. Burch*, 494 U.S. 113, 132, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) ("In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking."); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532,

**OPPOSITION**

542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ("We have described the root requirement of the Due Process Clause as being that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." (quotation marks omitted)).

The Redman court has stated in other words, the government may not take property like a thief in the night; rather, it must announce its intentions and give the property owner a chance to argue against the taking.

When a police department authorized a private towing company to tow a car. The towing was unconstitutional because the car's owner did not have notice. However, the Ninth Circuit found that the responsibility to give notice falls on the police, the constitutional violation arose from the inactions of the police rather than from any act or omission by the towing company.

In this case, Defendant San Francisco Police Department failed to show any exigency situation, because Plaintiff Reshma Kamath's car was properly registered, not blocking any drive-way, and not parked on a fire lane.

Plaintiff Reshma Kamath is such a great driver that she is so careful and courteous in driving for over twenty-four years of driving starting with a permit when she was fifteen years old.

## C. PLAINTIFF RESHMA KAMATH HAS ADEQUATELY PLED FACTUAL ALLEGATIONS TO STATE LAW-CLAIM OF CONVERSION.

**OPPOSITION**



17

" ' "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages...." ' " *Burlesci v. Peter sen* (1998) 68 Cal.App.4th 1062, 1066 [ 80 Cal.Rptr.2d 704]; *Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208, 166 Cal.Rptr.3d 877. Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment. *Fischer v. Machado* (1996) 50 Cal.App.4th 1069, 1072-1073 [ 58 Cal.Rptr.2d 213].

A plaintiff in a conversion action must also prove that it did not consent to the defendant's exercise of dominion. See *Farrington v. A. Teichert & Son, Inc.*, 59 Cal.App.2d 468, 139 P.2d 80, 83 (1943) (holding that no conversion action exists where the plaintiff consented to the removal of his personal property); see also, e.g., Judicial Council of Cal. Civil Jury Instructions No. 2100 (listing plaintiff's lack of consent as an element of conversion); *Tavernier v. Maes*, 242 Cal.App.2d 532, 51 Cal.Rptr. 575, 587-88 (1966).

**D.    PLAINTIFF RESHMA KAMATH HAS ADEQUATELY PLED FACTUAL ALLEGATIONS TO UNREASONABLE WARRANTLESS**

**OPPOSITION**



18

1    **SEIZURE UNDER THE FOURTH AMENDMENT OF THE UNITED**
2    **STATES CONSTITUTION.**
3
4           The Fourth Amendment protects "[t]he right of the people to be secure in their
5    persons, houses, papers, and effects, against unreasonable searches and seizures...."
6    (U.S. Const., 4th Amend.)
7
8           The State of California "has preempted the field of motor vehicle traffic
9    regulation," thus, "[a] city has no authority over vehicular traffic control except as
10   expressly provided by the Legislature." *Save the Sunset Strip Coalition v. City of*
11
12   *West Hollywood* (2001) 87 Cal.App.4th 1172, 1177–1178, 105 Cal.Rptr.2d 172.
13          "Several California federal district court decisions have followed Miranda in
14   concluding that tows of legally parked cars based on unpaid tickets are not within
15
16   the vehicular community caretaking exception." *Coal. on Homelessness v. City of*
17   *San Francisco* (2023) 93 Cal.App.5th 928, 944.
18
            Plaintiff Reshma Kamath has stated that while towing her vehicle on 450
19
20   Golden Gate Ave., San Francisco – where other cars were not towed and not
21   ticketed. This caused an unreasonable search or seizure without a warrant under the
22
23   Fourth Amendment of the United States Constitution.
24          In *Coalition on Homelessness v. City and County of San Francisco, 93*
25   *Cal.App.5th 928 (2023)*, the Court of Appeal ruled in the plaintiff's favor stating that
26
27   San Francisco cannot tow safely parked vehicles, without a warrant, solely because
28

---

**OPPOSITION**



of unpaid parking tickets – even under California Vehicle Code Section 22651(i)(1). Appellant in *Coalition* alleged that the warrantless tows violated article I, section 13 of the California Constitution, and, by way of extension, the Fourth Amendment. Appellant also alleged the tows violated the owners' constitutional due process rights.

Similar to *Coalition*, Defendant SFPD cite "no authority that such deterrence is a sufficient basis for a warrantless tow of a legally parked car under the vehicular community caretaker exception. To the contrary, the Miranda court expressly rejected a deterrence rationale as justification for impoundment of a vehicle that was not "actually 'impeding traffic or threatening public safety and convenience' on the streets." *Miranda v. City of Cornelius* (9th Cir. 2005) 429 F.3d 858, 862, 865, quoting *S. Dakota v. Opperman* (1976) 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000).

Thus, Plaintiff Reshma Kamath has sufficiently met the factual allegation to demonstrate warrantless seizure under the Fourth Amendment constitutional violation.

**E.    PLAINTIFF RESHMA KAMATH HAS ADEQUATELY PLED FACTUAL ALLEGATIONS OF SELECTIVE ENFORCEMENT AND DISCRIMINATION PURSUANT TO 42 USC 1983 MONELL POLICY OR CUSTOM CLAIMS**

**OPPOSITION**



Plaintiff has sufficiently negated the distinction in *Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007) that Defendant seeks to raise.

Plaintiff Reshma Kamath has stated that other members of the public were freely allowed to park on 450 Golden Gate Ave., San Francisco – where their cars were not towed and not ticketed.

Plaintiff Reshma Kamath alleges that this is not an isolated or sporadic incident.

Plaintiff Reshma Kamath alleges that the Defendant San Francisco Police Department's custom of not towing and ticketing other civilian vehicles on 450 Golden Gate Ave., San Francisco, California, and demonstrating racial and gender discrimination, is so persistent and widespread that it constitutes a permanent and well-settled city policy.

Plaintiff Reshma Kamath alleges that the Defendant San Francisco Police Department's practice has shown sufficient duration, frequency and consistency on different days, different times of the day, different sides of the street, different type of vehicles with no parking sticker or authorization permit displayed on their windshield - that the Defendants' conduct has become a traditional method of carrying out policy.

**OPPOSITION**



1    Plaintiff Reshma Kamath wants to demonstrate the Defendant Police

2  Department's discriminatory policy as to that particular street.

3    Thus, Plaintiff Reshma Kamath has sufficiently met the factual allegation to

4  demonstrate selective enforcement and/or discrimination under Monell.

## III.   PLAINTIFF RESHMA KAMATH HAS PICTORAL AND VIDEO EVIDENCE RELATED TO HER FACTUAL ALLEGATIONS AGAINST DEFENDANT SAN FRANCISCO POLICE DEPARTMENT

Plaintiff Reshma Kamath has documented evidence religiously each time the Defendants unlawfully violated a law, policy or custom of the San Francisco Police Department. A true and correct picture(s) that plaintiff Reshma Kamath documented in real-time attached to the opposition in **Exhibits A and B,** and incorporated via reference herein. Thus, there is no further explanation required.

## IV.   THE CITY AND COUNTY ARE NOT REQUIRED TO BE NAMED AS DEFENDANTS FOR THE DEFENDANT SAN FRANCISCO POLICE DEPARTMENT TO BE NAMED AS DEFENDANT HEREIN

Defendant San Francisco Police Department have failed to allege that the multitude of vehicles and cars parked on 450 Golden Gate Avenue were exempt under a policy; were police-officers in civilian clothing; or had some other authorization to park on the street.

**OPPOSITION**

RESHMA KAMATH

In *Streit v. County of Los Angeles* (9th Cir. 2001) 236 F.3d 552, the court found that sheriff's departments and police departments are "separately suable entities" in a § 1983 suit. *Shaw v. California Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 605 (9th Cir. 1986).

Relying on California court decisions that "held that a police department is a public entity under section 200 of the California Evidence Code," we then concluded that "the courts of California would hold that the Police Department is a public entity under section 811.2." *Shaw*, at 604; see also *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations."). Thus, under Federal Rule of Civil Procedure Rule 17(b) a Police Department may be sued in Federal Court. Shaw, at 605.

Thus, Defendant San Francisco Police Department is properly sued.

## V.   IN THE ALTERNATIVE, LEAVE TO AMEND MUST BE LIBERALLY GRANTED.

Since Defendant San Francisco Police Department contends it is a department of the City and County of San Francisco, Plaintiff Reshma Kamath will amend to include the latter. Plaintiff Reshma Kamath is not suing under the California Torts Claims Act or Government Code for any negligence, physical injury or property damage claim(s).

**OPPOSITION**



23

1    Thus, the City government is not required to be named a defendant, because

2  Defendant San Francisco Police Department is a suable entity under section 1983.

3                                  **CONCLUSION**

4

5    Based on the foregoing, Plaintiff Reshma Kamath contends that Defendant

6  San Francisco Police Department's Motion to Dismiss must be Denied in the

7

8  entirety, or in the alternative, leave to amend must be liberally granted.

9  ///

10                                          *Respectfully Submitted,*

11

12   **FEBRUARY 18, 2024**              **RESHMA KAMATH**

13                                          */S/ Reshma Kamath*

14

15                                          Reshma Kamath,
                                            *In Propria Persona*

16

17

18

19

20

21

22

23

24

25

26

27

28
_____

     **OPPOSITION**