DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
ABIGAIL H. WALD, State Bar #309110
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3901
Facsimile:      (415) 554-3837
E-Mail:          abigail.wald@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO
(Erroneously sued as San Francisco Police
Department (SFPD))[1]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT (SFPD); UNITED STATES DEPARTMENT OF HOMELAND SECURITY; FEDERAL PROTECTIVE SERVICES; AND DOES 1-10, INCLUSIVE,<br><br>    Defendants. | Case No. 3:23-CV-3531-JSC<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. 12(b)(6)) OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT (Fed. R. Civ. P. 12(e)) AND REQUEST FOR STAY**<br><br>Hearing Date:   March 14, 2024<br>Time:             10:00 a.m.<br>Place:            Courtroom 8 -19th Floor<br>                    450 Golden Gate Ave.<br>                    San Francisco, CA 94102 |

---

[1] San Francisco Police Department is a department of the City and County of San Francisco. This department is not a properly joined defendant because it does not have power to sue or be sued, and is not an independent public corporation. *See Bauer v. Ventura Cnty.*, 45 Cal.2d 276, 288-289 (1955); *compare* Cal. Gov't Code, §§ 23000, 23004(a); *see also* San Francisco Charter, Art. I, Section 1.101 (confers right of City to sue and be sued) and Art. IV, Section 4.102 (does not confer right to sue or be sued on departments). The City and County of San Francisco has not been properly named or served as a defendant.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

 I. Plaintiff Relies on the Wrong Pleading Standard ......................................................1

 II. Plaintiff Fails to Rebut That SFPD Is Not A Properly Joined Defendant ...............2

 III. Plaintiff Cannot State A Constitutional Violation Under Section 1983 .................3

  A. Plaintiff Misstates the Governing Law and Fails to State a *Monell* Claim..3

  B. Plaintiff Ignores the Governing Law and Fails to State a Claim for Selective Enforcement and Discrimination .................................................6

  C. Plaintiff Ignores the Governing Law and Fails to Allege an Unreasonable Seizure Under the Fourth Amendment .................................7

  D. Plaintiff Relies on Inapposite Law and Fails to Allege Any Due Process Violation ........................................................................................................9

 IV. Plaintiff Failed to Address the Deficiencies of Her State Law Claims..................10

  A. Plaintiff Does Not Address Her Failure to Exhaust Administrative Remedies, Which Precludes Her Conversion Claim .................................10

  B. Plaintiff Has Abandoned Her Civil Assault Claim ....................................10

 V. Plaintiff Does Not Oppose the City's Alternative Motion for a More Definite Statement....................................................................................................................10

 VI. Plaintiff Does Not Oppose the City's Request for a Discovery Stay ....................11

# TABLE OF AUTHORITIES

**State Cases**

*Arce v. Childrens Hosp. Los Angeles*
   211 Cal.App.4th 1455 (2012) ............................................................................................. 2

*Bauer v. Ventura Cnty.*
   45 Cal.2d 276 (1955) ......................................................................................................... 1

*Coalition on Homelessness v. City & Cnty. of San Francisco*
   93 Cal.App.5th 928 (2023) ................................................................................................. 7

*Love v. City of Monterey*
   37 Cal.App.4th 562 (1995) ................................................................................................. 9

**State Statutes & Codes**

California Government Code Section 23000 .......................................................................... 1

California Government Code Section 23004(a) ...................................................................... 1

**Federal Cases**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ....................................................................................................... 1, 2

*Baker v. City of Chicago*
   483 F. Supp.3d 543 (N.D. Ill. 2020) .................................................................................. 5

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ....................................................................................................... 1, 2

*Chang v. Rockridge Manor Condo.*
   No. C-07-4005 EMC, 2008 WL 2683075, at *8 (N.D. Cal. Jul. 3, 2008), aff'd, 344 F. App'x 365 (9th Cir. 2009) .................................................................................................................... 9

*City of Canton, Ohio v. Harris*
   489 U.S. 378 (1989) .......................................................................................................... 4

*City of Oklahoma v. Tuttle*
   471 U.S. 808 (1985) .......................................................................................................... 4

*Cleveland Bd. of Educ. v. Loudermill*
   470 U.S. 532 (1985) .......................................................................................................... 9

*Conley v. Gibson*
   355 U.S. 41 (1957) ............................................................................................................ 2

*Farmer v. Brennan*
   511 U.S. 825 (1994) .......................................................................................................... 4

*Goichman v. Rheuban Motors, Inc.*
   682 F.2d 1320 (9th Cir. 1982) ........................................................................................... 9

*Hofmann v. City and Cnty. of San Francisco*
  870 F.Supp.2d 799 (N.D. Cal. 2012) .................................................................................2, 3

*Jensen v. City of Oxnard*
  145 F.3d 1078 (9th Cir.1998) .................................................................................................2

*Lee v. Retail Store Emp. Bldg. Corp.*
  No. 15-CV-04768-LHK, 2017 WL 346021, at *19–20 (N.D. Cal. Jan. 24, 2017) ..................10

*Lesnik v. Eisenmann SE*
  No. 16-CV-01120-LHK, 2018 WL 4700342, at *5 (N.D. Cal. Oct. 1, 2018) ..........................10

*Meehan v. Cnty. of Los Angeles*
  856 F.2d 102 (9th Cir. 1988) ..................................................................................................3

*Miranda v. City of Cornelius*
  429 F.3d 858 (9th Cir. 2005) ..................................................................................................7

*Monell v. Dep't of Soc. Servs. of City of New York*
  436 U.S. 658 (1978)........................................................................................................3, 4, 5

*Moore v. City of Santa Monica*
  185 Fed.App'x. 661 (9th Cir. 2006) ........................................................................................9

*Mullane v.Cent. Hanover Bank Trust Co.*
  339 U.S. 306 (1950)................................................................................................................9

*Ohio v. Harris*
  489 U.S. 387 (1989)................................................................................................................5

*Osborne v. Dist. Attorney's Off. for Third Jud. Dist.*
  423 F.3d 1050 (9th Cir.2005) .................................................................................................2

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*
  130 F.3d 432 (9th Cir. 1997) ..................................................................................................5

*Qureshi v. Countrywide Home Loans, Inc.*
  No. C09-4198 SBA, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) .......................10

*Ramirez v. Ghilotti Bros. Inc.*
  941 F.Supp.2d 1197 (N.D. Cal. 2013) .............................................................................10, 11

*Redman v. Cnty. of San Diego*
  942 F.2d 1435 (9th Cir. 1991) ........................................................................................4, 5, 9

*S. Dakota v. Opperman*
  428 U.S. 364 (1976).................................................................................................................7

*Schiff v. City and Cnty. of San Francisco*
  No. C 08-4627 PJH, 2009 WL 10110702, at *2 (N.D. Cal. Apr. 15, 2009)........................2, 3

*Scofield v. City of Hillsborough*
    862 F.2d 759 (9th Cir.1988) ...................................................................................9

*Tyan, Inc. v. Garcia*
    No. CV1505443MWFJPRX, 2017 WL 1658811 (C.D. Cal. May 2, 2017) ..............5

*Zinermon v. Burch*
    494 U.S. 113 (1990) ................................................................................................9

**Federal Statutes**
42 United States Code Section 1983 .................................................................3, 4, 5, 9

Federal Rule of Civil Procedure 26(a)(1) .....................................................................11

**San Francisco Statutes, Codes & Ordinances**
San Francisco Charter, Article I, Section 1.101 .............................................................1

San Francisco Charter, Article IV, Section 4.102 ..........................................................1

**Rules**
Federal Rule of Civil Procedure 12(b)(6) .......................................................................2

Northern District of California Rule 3-4(c) ....................................................................2

**Constitutional Provisions**
United States Constitution Fourth Amendment ..............................................................7

Plaintiff's Opposition to the City's Motion to Dismiss does not seriously contest that Plaintiff was lawfully towed after parking illegally multiple times and that she has failed to allege facts demonstrating that drivers of other races, ethnicities, or genders were, in fact, treated differently pursuant to some supposed collective discriminatory policy of the San Francisco Police Department ("SFPD"), United States Department of Homeland Security ("DHS"), and Federal Protective Services ("FPS"). Plaintiff's attempt to improperly amend her Complaint through her Opposition by attaching photos and links to videos only further demonstrates that amendment to her Complaint would be futile. Plaintiff has put forth no facts or evidence supporting that she was ticketed or towed based on her race, ethnicity, or gender, and certainly none supporting that such alleged selective enforcement was due to some broader policy of discrimination. Her newly submitted "evidence" only confirms that Plaintiff was indeed parked illegally near visible signage indicating her car could be towed.

Plaintiff has also provided no facts or legal authority that could support her position that her due process rights or Fourth Amendment rights were violated by a police officer ticketing or towing her illegally parked vehicle, and these claims should therefore be dismissed with prejudice.

Plaintiff's Opposition also does nothing to resuscitate her state law claims. She has failed to respond to the Motion to Dismiss on the grounds that her state law claim for conversion is barred for failure to exhaust her administrative remedies, and appears to have abandoned her civil assault claim against SFPD entirely, having failed to respond to the Motion to Dismiss as to such claim at all.

**I. Plaintiff Relies on the Wrong Pleading Standard**

Plaintiff admits, as she must, that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And that this requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff, nonetheless, also improperly asks the Court to rely on case law concerning pleading standards that do not apply here. Plaintiff cites to two Ninth Circuit cases that pre-date *Iqbal* and *Twombly*, to suggest the Court apply the now-abrogated "no set of facts" pleading standard in evaluating the sufficiency of her Complaint, arguing that "dismissal is proper only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief.'". (Pl.'s Opp. to Def.'s Mot. to Dismiss, ECF No. 42 ("Opp." or "Opposition") at

pp. 8-9 (citing *Osborne v. Dist. Attorney's Off. for Third Jud. Dist.*, 423 F.3d 1050 (9th Cir.2005) and *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir.1998))). To be clear, the Supreme Court abrogated the "no set of facts" standard that Plaintiff references (originally articulated in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)) in *Bell Atl. Corp. v. Twombly*, explaining that it "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 550 U.S. 544, 563 (2007); *see also Iqbal*, 556 U.S. at 670 (stating that "*Twombly* retired the *Conley* no-set-of-facts test"). Plaintiff also asks the Court to rely on *Arce v. Childrens Hosp. Los Angeles*, 211 Cal.App.4th 1455 (2012), but *Arce* is a California state court case, which discusses the standard for surviving a demurrer in state court, and likewise has no applicability to pleading a claim in federal court. As the City explained in its Motion to Dismiss, ECF No. 41 ("Motion" or "Mot."), Plaintiff must satisfy the pleading standard in *Twombly* and *Iqbal*, to survive a Rule 12(b)(6) motion to dismiss. Plaintiff does not do so.[2]

## II. Plaintiff Fails to Rebut That SFPD Is Not A Properly Joined Defendant

The City's Motion has established that SFPD, a City department without the capacity to sue or be sued, is not a properly joined defendant. Mot. at p. 5. Plaintiff fails to distinguish either of the two cases in this district cited in the City's Motion, which both found that SFPD has no legal existence apart from the City and County of San Francisco, and therefore cannot be a named defendant in a federal complaint. (*See* Mot. at p. 5 (citing *Schiff v. City and Cnty. of San Francisco*, Case No. C 08-4627 PJH, 2009 WL 10110702, at *2 (N.D. Cal. Apr. 15, 2009) and *Hofmann v. City and Cnty. of San Francisco*, 870 F.Supp.2d 799, 803 (N.D. Cal. 2012).)

In *Hofmann v. City and Cnty. of San Francisco*, for example, the Court specifically distinguished the legal authority that Plaintiff relies on, noting that while the Ninth Circuit has held generally that "a California municipal police department may be subject to suit in federal court," nonetheless, "the City has established by charter that it is the authority to appear and defend against such suits and the SFPD has no independent legal existence apart from the City." 870 F. Supp. 2d at

---

[2] Plaintiff also inexplicably takes issue with the size of font and pleading paper that the Motion to Dismiss used on the basis that it does not conform to the formatting requirements of the Ninth Circuit. As the Court is well aware, this case has been filed in the Northern District of California, and therefore, N.D. Cal. Local Rule 3-4(c) governs the formatting requirements, which was complied with.

803. The Court in *Schiff v. City and Cnty. of San Francisco* 2009 WL 10110702, at *2, reached the same result. Plaintiff fails to explain why these cases should not be followed, or cite any case law where a court has held otherwise.

**III.    Plaintiff Cannot State A Constitutional Violation Under Section 1983**

    **A.    Plaintiff Misstates the Governing Law and Fails to State a *Monell* Claim**

While Plaintiff admits that she will need to satisfy the requirements of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) to state a claim against the City (and its departments), Plaintiff still does not explain how her conclusory allegations satisfy this requirement, or even how she could amend her Complaint to do so. Instead, Plaintiff misleadingly quotes case law, and relies on cases that are either inapposite, or involve "failure to train" claims, with no explanation how her Complaint does (or could) allege *Monell* liability under a failure to train theory.

As discussed in the City's Motion, a local government may be sued directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, practice or custom, and not for "an injury inflicted solely by its employees or agents" and, a showing must be made that an official policy, custom, or practice caused the constitutional tort. Mot. at p. 6 (quoting *Monell*, 436 U.S. at 691).

Plaintiff fails to explain how the actions of alleged "agents of Defendant San Francisco Police Department" could satisfy this standard, devoting much of her Opposition instead to seemingly claiming a "policy" is adequately alleged simply by a defendant "consciously" choosing conduct "among various alternatives." Opp. at pp. 13-15. However, such choices only satisfy *Monell* when the choices are made by a policymaker or official with final authority over the policy at issue, as even Plaintiff admits.[3] *Id*. at p. 15:4-11. Plaintiff does not explain how the choices of alleged "agents of

---

[3] Plaintiff attempts to obscure this fact by repeatedly selectively quoting case law. For example, Plaintiff misleadingly quotes only a portion of the opinion in *Meehan v. Cnty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988), which actually stated: "[l]ocal government liability under section 1983 attaches "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives *by the official or officials responsible for establishing final policy with respect to the subject matter in question*." (emphasis added). The Ninth Circuit in *Meehan* went on to ultimately affirm a directed verdict finding that the named County could not be liable under *Monell* based on proof that there were two instances where special enforcement bureau agents committed assault.

1  Defendant San Francisco Police Department" could be considered choices of policymakers for the
2  City's ticketing/towing policies, where the only facts Plaintiff has alleged are that unnamed agents of
3  SFPD (who were apparently also agents of DHS and FPS) ticketed her car three times for parking
4  illegally in the same spot, and eventually towed it as a result.  None of the cases Plaintiff cites support
5  that liability may be imposed on a municipality for the mere choices of unnamed agents[4] who were not
6  alleged to be official policymakers,[5] and the City is not aware of any such authority.

Plaintiff's Complaint also cannot be saved by reliance on "failure to train" cases.  It is true that the Supreme Court has held that under "limited circumstances…an allegation of a 'failure to train' can be the basis for liability under § 1983" but only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387-88 (1989).  However, Plaintiff's Complaint contains no allegations concerning the training of SFPD officers.

None of the cases Plaintiff cites support the conclusion that Plaintiff's bare assertion that unnamed "agents" of SFPD enforced otherwise lawful parking laws selectively against her based on her "race, ethnicity, and gender" is sufficient to plausibly allege a *Monell* claim based on a failure to train theory.  For example, in *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1444-45 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994), which involved an allegation that a detainee's placement in a prison cell with an "aggressive homosexual" resulted in detainee's rape, the Court reversed a directed verdict for a County under *Monell* because the Plaintiff put forth evidence in the form of testimony by the captain in charge of the facility and another sergeant that the plaintiff detainee's placement in the prison cell at issue was due to a County policy.[6]  Similarly, in

---

[4] Plaintiff's Opposition also claims for the first time that one such "agent" is named Steve Glumas. Opp. at p. 13:16-17.  However, Plaintiff does not even allege that Mr. Glumas was or is employed by SFPD, no less that he was in a policymaking role with regard to the City's ticketing and towing policies.

[5] For example, Plaintiff's primary authority, *City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985), does not support imposing municipal liability for the actions of alleged City agents.  In *Tuttle*, the Supreme Court reversed a Court of Appeals judgment affirming a jury verdict against a city under Section 1983, finding that the jury instruction permitting municipal liability on the basis of a single instance of excessive use of force was improper.

[6] Namely, the Court noted there was testimonial evidence from the captain in charge of the detention facility that the facility's practice was to place "aggressive homosexual[s]" in the mainline prison population, and that another police sergeant testified that it was also the county's custom to

*Baker v. City of Chicago*, 483 F.Supp.3d 543, 561 (N.D. Ill. 2020), the court allowed a complaint to survive dismissal because it contained "numerous specific factual allegations tending to show that the City authorized or had a custom of approving the unconstitutional conduct" at issue, such as comments by the police superintendent, data from the City itself, committee findings, and prosecutions of other police officers for relevant misconduct.[7]

By contrast, Plaintiff here has provided no factual allegations to support her conclusion that lawful parking restrictions were selectively enforced against her due to an alleged policy by SFPD (and DHS and FPS) of discrimination based on race, ethnicity and gender.[8] She also cites to no case law that would support her conclusion that a single person being ticketed 3 times and towed for illegally parking in the same location is sufficient to evidence a longstanding, persistance or widespread custom. Even under Plaintiff's own authority, the Supreme Court has made clear that "without more," a city will not "automatically be liable under § 1983 if one of its employees happened to apply [a lawful] policy in an unconstitutional manner, for liability would then rest on *respondeat superior*." *Harris*, 489 U.S. at 387. Plaintiff has failed to allege any circumstances that would satisfy *Monell*, and cause the City to be liable for the alleged conduct of the unnamed "agents" of SFPD (and DHS and FPS) that Plaintiff describes in her Complaint, and Plaintiff's Section 1983 claims therefore cannot proceed against the City.

---

overcrowd the prison, resulting in placing "heterosexual inmates in the same cell or module with aggressive homosexuals." *Id*. at 1446.

[7] The *Baker* Court specifically credited the following types of factual allegations as sufficient: (1) the City had notice of a widespread practice of the type of misconduct alleged by Plaintiffs, but failed to investigate those citizen complaints, (2) the City authorized a code of silence, which was bolstered by concrete examples of retaliation as to certain officers who attempted to report the misconduct, (3) the Police Superintendent made comments at public hearings that further supported Plaintiff's allegations, (4) data from the City itself bolstered the allegations, (5) there were findings by the Committee on Police and Fire of the Chicago City Counsel and Justice Coalition of Greater Chicago that likewise bolstered the allegations, and (6) plaintiff provided relevant examples of criminal prosecutions of other Chicago Police Department officers. *Baker*, 483 F. Supp. 3d at 561.

[8] Plaintiffs other cases fare no better. For example, in *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438–39 (9th Cir. 1997) the Court affirmed that there was no municipal liability where Plaintiff failed to provide evidence of a "custom or practice of ignoring [students' sexual abuse] complaints," "unconstitutional actions taken by those with policy-making authority," or "an affirmative duty to protect." Plaintiff also quotes *Tyan, Inc. v. Garcia*, No. CV1505443MWFJPRX, 2017 WL 1658811 (C.D. Cal. May 2, 2017), a bench verdict regarding a dispute between a private company and its former employee, which has no bearing on whether a City could be liable under *Monell* for the conduct of an alleged "agent."

### B. Plaintiff Ignores the Governing Law and Fails to State a Claim for Selective Enforcement and Discrimination

As the City explained in its Motion, Plaintiff fails to plausibly allege facts sufficient to show that she was treated differently to others similarly situated, and offers no facts supporting that any purported unequal treatment was based on an impermissible classification, or that there was any discriminatory intent. Mot. at pp. 7-10. Her Opposition cites to no case law where mere conclusory allegations, such as Plaintiff's, sufficed to state a claim for an equal protection violation.

Plaintiff also fails to explain how her Complaint could be amended to cure these defects. The photos and links to videos she attached to her Opposition are of no help. Putting aside the fact that some of the photos document cars parked legally in metered parking, and cars parked without visible signage restricting parking (or restrictions only during certain hours), among other issues; significantly, the photos do not evidence the race, gender, or ethnicity of any other vehicle owner or driver that Plaintiff alleges was not ticketed.[9] Plaintiff has therefore not shown that she has any evidence that drivers of other races, ethnicities, or genders were not prosecuted for the same conduct.

Plaintiff's Opposition similarly fails to respond to the Motion regarding her failure to provide any facts from which discriminatory intent may be inferred. As the City made clear in its Motion, discriminatory purpose is not presumed and it is the plaintiff's burden to allege "a showing of clear and intentional discrimination." Mot. at 10 (quoting *Snowden v. Hughes*, 321 U.S. 1, 8 (1944)). Accordingly, Plaintiff concedes that she has not alleged (and cannot allege) non-conclusory facts that would support a finding of discriminatory intent.

Ultimately, Plaintiff has offered no facts demonstrating whether any other car was, in fact, not ticketed for parking illegally (or not towed after illegally parking in the same spot 3 times), much less, whether such other alleged illegally parked vehicle escaped enforcement due to the owner's race,

---

[9] The "evidence" also still fail to provide sufficient information to determine that similar enforcement did not occur for such other drivers (*e.g.*, that other drivers were not ultimately ticketed earlier or later in the day). Nor does it provide sufficient information to determine whether or not the other vehicles she claims were not ticketed were engaged in the same parking violation as she was. As Plaintiff herself alludes, perhaps, "the multitude of vehicles and cars parked on 450 Golden Gate Avenue were exempt under a policy; were police-officers in civilian clothing; or had some other authorization to park on the street." (Opp. at p. 22:21-25.)

gender, or ethnicity. She has likewise failed to allege how such deficiencies could be cured. Her Section 1983 claim based on discrimination and selective enforcement should be dismissed with prejudice.

### C. Plaintiff Ignores the Governing Law and Fails to Allege an Unreasonable Seizure Under the Fourth Amendment

As the City explained in its Motion, the Supreme Court has made clear that there is no constitutional violation under the Fourth Amendment when police tow illegally parked vehicles. (Mot. at pp. 10-11.) The Supreme Court held in *S. Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976) that illegally parked cars may be towed without a warrant. *Opperman* did not state that any further finding was required to tow an illegally parked car, and indeed found that no Fourth Amendment violation occurred where a car was towed after being ticketed for parking in an area at 3:00am that restricted parking between 2:00am and 6:00am, then ticketed again in the same area later that day simply for overtime parking. *Id*. at pp. 365–66, 368–69. Even under Plaintiff's preferred authority, *Coalition on Homelessness*, the California Court of Appeal likewise acknowledged that illegally parked cars may be towed without a warrant per *Opperman*: "Thus, *Opperman* supports the proposition that illegally parked cars may be towed under the vehicular community caretaking exception, but not that legally parked cars may be towed based solely on unpaid tickets." *Coal. on Homelessness v. City & Cnty. of San Francisco*, 93 Cal. App. 5th 928, 941–42 (2023). The other case Plaintiff relies on, *Miranda v. City of Cornelius*, 429 F.3d 858 (9th Cir. 2005), also involved towing of a legally parked car from the owner's driveway.

Unlike the plaintiffs in *Coalition on Homelessness* and *Miranda*, Plaintiff does not allege she was parked lawfully at the time her car was towed. Nor can she. Plaintiff's Opposition confirms that her car was parked illegally when it was towed. As the City explained in its Motion, Plaintiff's Complaint does not allege that Plaintiff was parked lawfully during the ticketing and towing incident, a deficiency that Plaintiff fails to address in her Opposition. While she non-responsively alleges that she is "a great driver" and her "car was properly registered, not blocking any drive-way, and not parked on a fire lane" (Opp. at p.17:17-24), she ultimately fails to dispute that she was parked illegally, which is all that is required to tow a car without a warrant under *Opperman*.

The closest Plaintiff comes to contesting the legality of where she was parked is found in Opposition Exhibit A, where she falsely captions the photos of her own car as "PLAINTIFF'S CAR LAWFULLY PARKED" (Opp. Ex. A at p. 35). However, the photos prove otherwise. *Id*. at p. 36. As can be seen in the portion of Plaintiff's photo where a red box has been placed, there was a visible parking sign, stating: "no stopping any time" with a visual depiction of a car being towed. *Id*.



A larger photo of the signage in the red box is copied below for ease of reference:



Because there can be no doubt that Plaintiff was parked illegally when she was towed, Plaintiff cannot rely on case law concerning the removal of lawfully parked vehicles to support her claim.

1 Plaintiff's Section 1983 claim based on an alleged unreasonable seizure under the Fourth Amendment
2 should therefore be dismissed with prejudice.

### D. Plaintiff Relies on Inapposite Law and Fails to Allege Any Due Process Violation

As the City's Motion makes clear, courts have routinely held that the Vehicle Code procedures for administrative review of parking citations satisfy procedural due process standards, even where a plaintiff contends that the citation was wrongful. Mot. at p. 11 (citing *Moore v. City of Santa Monica*, 185 Fed. App'x. 661 (9th Cir. 2006); *Love v. City of Monterey*, 37 Cal.App.4th 562, 586 (1995); *Chang v. Rockridge Manor Condo.*, No. C-07-4005 EMC, 2008 WL 2683075, at *8 (N.D. Cal. Jul. 3, 2008), aff'd, 344 F. App'x 365 (9th Cir. 2009)). And, the Ninth Circuit has also already determined that due process does not require a vehicle owner be entitled to a pre-towing hearing, pre-towing notice, an opportunity to immediately contest the tow before getting their vehicle back, or that a towed vehicle be released to an owner "on demand." Mot. at p.12 (citing *Scofield v. City of Hillsborough*, 862 F.2d 759, 766 (9th Cir.1988); *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir. 1982)).

Plaintiff's Opposition fails to distinguish this authority or otherwise explain how she did (or could) suffer from a due process violation based on her alleged towing/ticketing incident, where courts have repeatedly held that post-deprivation remedies are sufficient for contesting parking violations. The cases Plaintiff does rely on do not concern the ticketing/towing of vehicles and are therefore inapposite.[10] Plaintiff's Section 1983 claim based on an alleged due process violation should be dismissed with prejudice.

---

[10] *Mullane v.Cent. Hanover Bank Trust Co.*, 339 U.S. 306 (1950) involved notice requirements for a judicial proceeding involving a trust. *Zinermon v. Burch*, 494 U.S. 113 (1990) concerned the ability to consent to voluntary admission to a mental hospital. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ) concerned procedures afforded to terminated employees. And, as noted above, *Redman*, 942 F.2d 1435 involved a detainee's sexual assault allegations while in a detention facility.

1  IV.     **Plaintiff Failed to Address the Deficiencies of Her State Law Claims**

2     A.  **Plaintiff Does Not Address Her Failure to Exhaust Administrative Remedies, Which Precludes Her Conversion Claim**

In its Motion, the City argued that because Plaintiff failed to exhaust her administrative remedies under the California Vehicle Code, she cannot state a claim in federal court under California law for conversion based on a parking/towing incident. Mot. at pp.13-14. The doctrine of exhaustion is a jurisdictional prerequisite, not a matter of judicial discretion. *Id*. at 13. Plaintiff does not address this point in her Opposition. Her failure to do so should be deemed as conceding that her claim for conversion cannot proceed. *See, e.g., Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210, n. 7 (N.D. Cal. 2013) (finding that failure to respond to certain claims in an opposition brief constituted conceding the issue). Accordingly, Plaintiff's conversion claim should be dismissed with prejudice.

   B.  **Plaintiff Has Abandoned Her Civil Assault Claim**

Plaintiff also fails to respond to the City's Motion seeking dismissal of her civil assault claim, and thus has abandoned it. Such claim should therefore be dismissed with prejudice as to the City. *See, e.g., Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2018 WL 4700342, at *5 (N.D. Cal. Oct. 1, 2018) (granting motion to dismiss with prejudice as to claim "because Plaintiffs' silence on this issue shows they have abandoned this theory"); *Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-CV-04768-LHK, 2017 WL 346021, at *19–20 (N.D. Cal. Jan. 24, 2017) (granting motion to dismiss with prejudice as to claim "because Plaintiffs' failure to even argue the issue in their opposition indicates a waiver of this claim."); *Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims").

V.     **Plaintiff Does Not Oppose the City's Alternative Motion for a More Definite Statement**

Plaintiff does not oppose the City's alternative request for a more definite statement regarding her failure to explain the City's involvement in Plaintiff's allegations, and has thus conceded this issue. *See, e.g., Ramirez*, 941 F. Supp. 2d at 1210, n. 7. Accordingly, if the Court denies the City's Motion, the City requests an order directing Plaintiff to provide a more definite statement that fills the informational gaps the City identified in Part III.C of its Motion.

**VI.  Plaintiff Does Not Oppose the City's Request for a Discovery Stay**

Plaintiff does not oppose the City's request for a discovery stay, and has thus conceded this issue as well.  *See, e.g., Ramirez*, 941 F. Supp. 2d at 1210, n. 7.  Accordingly, the Court should order a stay of discovery until either the City answers an amended complaint or the Court rules that some portion of an amended complaint survives a motion to dismiss by the City.

## CONCLUSION

For the foregoing reasons, the City respectfully requests the Court to dismiss Plaintiff's Complaint with prejudice.  In the alternative, the City asks the Court to order Plaintiff to provide a more definite statement consistent with its request in Section III.C. of its Motion.  Finally, the City respectfully requests a stay of all discovery, including initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1), unless and until the Court holds that a portion of a complaint or an amended complaint survives a motion to dismiss.

Dated:  February 29, 2024

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
ABIGAIL H. WALD
Deputy City Attorney


By: */s/ Abigail H. Wald*
ABIGAIL H. WALD

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO
(Erroneously sued as San Francisco Police Department (SFPD))