UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Defendants. | Case No. 3:23-cv-03531-JSC<br><br>**ORDER RE: CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

Plaintiff brings claims against the San Francisco Police Department, Federal Protective Services, and the Department of Homeland Security arising out of the ticketing and towing of her vehicle. The City and County of San Francisco moves to dismiss the claims against the San Francisco Police Department for failure to state a claim, failure to exhaust, and failure to satisfy the government claims presentation requirements. (Dkt. No. 41.[1]) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 14, 2024 hearing, and GRANTS Defendant City and County of San Francisco's motion to dismiss.

**BACKGROUND**

Plaintiff alleges between May and July 2023 the San Francisco Police Department, the Department of Homeland Security, and the Federal Protective Service engaged in "selective enforcement and discrimination toward Plaintiff," based on her race, ethnicity, and gender. (Complaint at ¶¶ 11, 26.) Plaintiff is "an Indian-American, Asian, woman of color." (*Id*. at ¶ 27.) In particular, Plaintiff received three falsified parking tickets and her vehicle was towed on

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

July 13, 2023, while parked in the vicinity of San Francisco federal building located at 450 Golden Gate Ave., San Francisco, California. (*Id*. at ¶¶ 12-24.)

The day after her vehicle was towed, Plaintiff filed this action alleging (1) a Section 1983 "deprivation of rights" claim; (2) a conversion claim; and (3) a civil assault claim. (Dkt. No. 1 at ¶¶ 45-64.) Plaintiff filed proofs of service of the summons and complaint indicating Defendants were served on December 21, 2023. (Dkt. Nos. 25, 26, 27.) The Clerk denied Plaintiff's request for entry of default as to the Department of Homeland Security and Federal Protective Services. (Dkt. Nos. 38, 39.) The City and County of San Francisco appeared on behalf of the San Francisco Police Department and filed the now pending motion to dismiss. (Dkt. No. 41.)

## PLAINTIFF'S SUR-REPLY REQUEST

After the briefing was complete, Plaintiff filed a request to file a sur-reply. (Dkt. No. 49.) Local Rule 7-3(d) provides once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except if new evidence has been submitted in the reply or a relevant judicial opinion was published after the date the opposition or reply was filed by filing. N.D. Cal. L.R. 7-3(d). Plaintiff's sur-reply addresses arguments the City and County of San Francisco made on reply in response to evidence offered with Plaintiff's opposition brief. In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court may only consider the complaint and its attached exhibits, and matters properly subject to judicial notice. *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). The Court may not consider evidence provided in pleadings outside of the complaint. The Court thus cannot consider the new evidence offered with Plaintiff's opposition except as it is relevant to leave to amend. Further, to the extent the City and County of San Francisco raised new arguments on reply, such arguments are "not new evidence when [] submitted to rebut arguments raised in the opposition brief." *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020). Accordingly, Plaintiff's request to file a sur-reply is denied. (Dkt. No. 49.)

//

//

## DISCUSSION

**A. Substitution of the City and County of San Francisco**

The City and County of San Francisco contends the San Francisco Police Department is not a proper defendant. "Under Rule 17(b) of the Federal Rules of Civil Procedure, the Police Department's capacity to be sued in federal court is to be determined by the law of California." *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986). California Government Code Section 945 provides "[a] public entity may sue and be sued" and Section 811.2 defines a "public entity" to include "the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or political corporation in the State." In *Shaw*, the Ninth Circuit concluded "the courts of California would hold that the Police Department is a public entity under section 811.2" and thus "may be sued in Federal court." *Shaw*, 788 F.2d at 605.

The City and County of San Francisco insists the San Francisco Police Department, as a "City department," lacks the capacity to be sued under the City's charter. (Dkt. No. 41 at 11 (citing San Francisco Charter, Art. I, §§ 1.101 (confers right of City to sue and be sued), 4.101 (stating the executive branch is composed of departments), 4.102 (setting forth powers of executive departments and not conferring the right to sue or be sued)).) In *Hofmann v. City & Cnty. of San Francisco*, the court held "while civil liability may attach based on the SFPD's actions, the City has established by charter that it is the authority to appear and defend against such suits and the SFPD has no independent legal existence apart from the City" and so deemed claims against the Police Department as brought against the City. 870 F. Supp. 2d 799, 802-03 (N.D. Cal. 2012). *Shaw*, however, rejected the notion that "a city charter provision [could] alter the rules of governmental liability provided by state law." *Shaw*, 788 F.2d at 605. District courts have nonetheless dismissed "police departments as duplicative defendants where the claims against a city and its police department arise from the same facts." *Mann v. City of Chula Vista*, No. 18-CV-2525-WQH-MDD, 2020 WL 5759749, at *3 (S.D. Cal. Sept. 8, 2020) (collecting cases).

Plaintiff does not argue an independent basis for her claims against the Police Department

1  that would exist apart from claims against the City.  Nor does she appear to object to substitution
2  of the City and County of San Francisco for the San Francisco Police Department.  (Dkt. No. 42 at
3  23 ("Since Defendant San Francisco Police Department contends it is a department of the City and
4  County of San Francisco, Plaintiff Reshma Kamath will amend to include the latter.").)
5  Accordingly, because the City and County of San Francisco has agreed to defend against the
6  claims here and Plaintiff does not object to its substitution, the Court substitutes the City and
7  County of San Francisco as Defendant in place of the San Francisco Police Department. *See Platt*
8  *v. Moore*, 15 F.4th 895, 908 (9th Cir. 2021) (affirming district court's finding the county drug task
9  force was not amendable to suit under state law and noting the court could substitute a proper
10  party in its place under Federal Rule of Civil Procedure 21).  The substitution has no impact on the
11  viability of Plaintiff's claims.

**B. Section 1983 Claim**

The City and County of San Francisco contends Plaintiff's first claim for relief, brought pursuant to Section 1983, must be dismissed because she fails to plausibly allege a constitutional violation.  Plaintiff's Section 1983 claim is captioned "civil action for deprivation of rights" and alleges (1) Plaintiff was denied her property without due process in violation of the Fourteenth Amendment; (2) her property was seized in violation of the Fourth Amendment; (3) she was targeted based on her race, ethnicity, and gender;  and (4) Defendants have a policy and/or custom of acting without a court order and without providing an opportunity to be heard under the due process clause of the Fifth Amendment.  (Complaint at ¶¶ 45-52.)

To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausible support each purported violation. *See, e.g.*, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121(N.D. Cal. 2011) ("Aside from passing references to due process and equal protection, the Complaint fails to allege how [plaintiffs'] constitutional rights were violated and fails to

4

1    identify each Defendant's role therein.").

2         In this case, the defendant is a municipality (or a department of a municipality). Section
3    1983 claims against municipalities, known as *Monell* claims, cannot rely solely on respondeat
4    superior liability, but must show that "the local government had a deliberate policy, custom, or
5    practice that was the moving force behind the constitutional violation [they] suffered." *AE ex rel.*
6    *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (cleaned up). To state a claim for
7    *Monell* liability, "allegations in a complaint or counterclaim may not simply recite the elements of
8    a cause of action." *Id*. at 637 (quoting *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). To
9    state a Section 1983 claim against a municipality, a plaintiff must allege: (1) the plaintiff was
10   deprived of a constitutional right; "(2) that the municipality had a policy; (3) that this policy
11   amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is
12   the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of*
13   *Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (cleaned up). There can be no municipal liability
14   without an underlying constitutional violation. *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994).

15        The Complaint fails to allege facts which raise a plausible right to relief. *Bell Atl. Corp. v.*
16   *Twombly*, 550 U.S. 544, 554-56 (2007). While the Complaint appears predicated on three
17   incidents when Plaintiff's vehicle was ticketed and ultimately towed, Plaintiff does not allege
18   where the vehicle was parked or even that it was lawfully parked at the time of the incidents. Nor
19   has Plaintiff alleged who between the three entity Defendants committed the constitutional
20   violation(s). Portions of the Complaint allege all three Defendant entities were responsible for the
21   tickets whereas other portions indicate they were issued by the San Francisco Police Department.
22   (*Compare* Complaint at ¶¶ 11-16 *with* ¶¶ 17, 20.) Likewise, although Plaintiff alleges she was
23   targeted based on her race, ethnicity, and gender because she observed other vehicles similarly
24   parked which were not ticketed, she does not allege the race, ethnicity, or gender of the
25   owners/operators of those unticketed vehicles. Nor does she allege any other facts that support an
26   inference her vehicle was ticketed on account of her race, ethnicity, or gender rather than because
27   she was illegally parked. Finally, Plaintiff has not alleged a policy, custom, or practice which
28   would give rise to municipal liability.

1  While the Court must accept the complaint's factual allegations as true, conclusory
2 assertions are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is
3 facially plausible when the plaintiff pleads enough factual content to justify the reasonable
4 inference the defendant is liable for the misconduct alleged. *Id*. Plaintiff's opposition suggests she
5 could allege additional facts and provide greater clarity regarding the basis for her constitutional
6 claim(s). Accordingly, the City and County of San Francisco's motion to dismiss is granted with
7 leave to amend. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117
8 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading") (citing
9 Fed. R. Civ. P. 15(a)). Although the City and County of San Francisco requests dismissal without
10 leave to amend, "[c]ourts may decline to grant leave to amend only if there is strong evidence of
11 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
12 deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
13 of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty.*, 708 F.3d at 1117
14 (internal citation omitted).

**C. State Law Claims**

16  Plaintiff pleads two state law claims: (1) conversion, and (2) civil assault. The City and
17 County of San Francisco moves to dismiss the conversion claim for failure to administratively
18 exhaust and the civil assault claim for failure to satisfy the government claims presentation
19 requirement. Plaintiff does not oppose dismissal of the latter claim and instead indicates she is
20 "not suing under the California Torts Claims Act or Government Code for any negligence,
21 physical injury or property damage claim." (Dkt. No. 42 at 23.) Accordingly, Plaintiff's assault
22 claim is dismissed without leave to amend as Plaintiff abandoned the claim. *See United States ex*
23 *rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018) (affirming dismissal of abandoned
24 claim without leave to amend).

25  As to Plaintiff's conversion claim, which appears predicated on the ticketing and towing of
26 her vehicle (Complaint at ¶¶ 54-59), Plaintiff does not contend she administratively exhausted this
27 claim. Under California law "where an administrative remedy is provided by statute, relief must
28 be sought from the administrative body and this remedy exhausted before the courts will act. This

6

is a jurisdictional prerequisite, not a matter of judicial discretion." *Yamaha Motor Corp. v. Superior Ct.*, 185 Cal. App. 3d 1232, 1240 (1986) (cleaned up).  The California Vehicle Code sets forth the administrative procedures for contesting parking violations and include review by the agency, an administrative hearing, and an appeal to the superior court. *See* Cal. Veh. Code §§ 40200 et seq.; *see also Smith v. City of Los Angeles Dep't of Transp.*, 59 Cal. App. 4th Supp. 7, 10 (1997) ("we conclude that the procedure for review set forth in section 40200 et seq. is the only procedure available to contest a parking citation.").  Because Plaintiff has not alleged she exhausted her administrative remedies as to her conversion claim challenging the ticketing and towing of her vehicle, the claim is dismissed.[2]  This claim is dismissed with leave to amend to the extent Plaintiff has a good faith basis for doing so.

**CONCLUSION**

For the reasons stated above, the City and County of San Francisco's motion to dismiss is GRANTED with leave to amend except as to the assault claim.  Any amended complaint must be filed by April 1, 2024.  For each claim, Plaintiff shall specifically indicate which defendant(s) it is alleged against.  The amended complaint must also be properly served on each defendant. *See* Fed. R. Civ. Pro. 5(a)(1)(B); *see also* RUTTER GROUP PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL § 8:1464 (9th ed. April 2023 update) (once leave to amend is granted plaintiff must file and serve the amended complaint within the time specified).

In light of the need for an amended complaint, the Court CONTINUES the initial case management conference scheduled for March 14, 2024 to May 16, 2024 at 1:30 p.m. via videoconference.  A joint case management conference statement is May 9, 2024.  Discovery is stayed pending the initial case management conference.

//

//

---

[2] The City and County of San Francisco also argues in a footnote it is not clear whether the claim is pled as to it because the conversion claim references "DHS FPS." (Dkt. No. 41 at 20, n.5 (citing Complaint at ¶ 56).)  Plaintiff does not address this issue in her opposition, but opposes dismissal of her conversion claim alleging she has plausibly pled a claim for relief.  The Court thus assumes Plaintiff brings the claim against the City and County of San Francisco as well as the federal defendants.

This Order disposes of Docket Nos. 41, 50.

**IT IS SO ORDERED.**

Dated: March 12, 2024

JACQUELINE SCOTT CORLEY
United States District Judge