**RESHMA KAMATH**
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
*IN PROPRIA PERSONA*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**RESHMA KAMATH,**

**Plaintiff,**


**v.**

**SAN FRANCISCO POLICE DEPARTMENT (SFPD); UNITED STATES DEPARTMENT OF HOMELAND SECURITY; FEDERAL PROTECTIVE SERVICES; STEVE GLUMAS; SECURITY GUARD # 1, SECURITY GUARD # 2; AND DOES 1-10, INCLUSIVE,**

**Defendants.**

**Case Number: 3:23-CV-3531-JSC**


**VERIFIED FIRST-AMENDED COMPLAINT FOR DAMAGES:**


**1. 42 U.S. Code § 1983 - Civil action for deprivation of rights;**

**2. CONVERSION;**

**3. CIVIL ASSAULT.**


**DEMAND FOR JURY TRIAL**

---

**FIRST-AMENDED COMPLAINT**
RESHMA KAMATH

## FIRST-AMENDED COMPLAINT

## INTRODUCTION

1.      In addition to Defendant SFPD's utter failure to meet-and-confer prior to filing a FRCP 12(b)(6) motion in the prior round, Defendant SFPD and the Court - in unison - have completely made a mockery of justice.

2.      The country falls a little more into the rabbit-hole of nothingness when such prejudicial orders come out – with no facts to support its faulty reasoning.

3.      Plaintiff objects to the substitution of City and County of SF in lieu of Defendant SFPD. Since the City/County are not proper parties, Plaintiff will continue to sue the Defendant SFPD in order to avoid duplication.

4.      Further, Plaintiff states that the court in its prior order (as usual as White judges do) portrayed this as a "selective enforcement claim" and against a race/gender theory.

5.      What the Court failed to do in its previous order is to understand and apply *Monell* liability appropriately – maybe because the Court doesn't understand how *Monell* works.

6.      *Firstly*, the court order does a recitation of the law devoid of facts stated in the Complaint (pages 4,5 in ECF Dkt. No. 54) and thereafter in subsequent filings.

7.      *Secondly*, the court order fails to check plausible facts in the Complaint, i.e., where the car was parked on 450 Golden Gate Ave., San Francisco, California,

94102, outside the federal Phillip Burton building. Plaintiff even produced pictures in the subsequent pleadings. A true and correct set of pictures is attached hereto and incorporated via reference herein in **EXHIBIT A and B**.

8.     Yet, the court order falsely states, "Plaintiff does not allege where the vehicle was parked or even that it was lawfully parked at the time of the incidents." (pages 5, lines 17-18, ECF Dkt. NO. 54). The complaint reiterates where the car was parked and pictures speak for themselves.

9.     Then, *thirdly*, the obviously-racist court-order in ECF Dkt. NO. 54 goes on to say more falsified allegations, i.e., "Plaintiff has sufficiently alleged that only her car was towed that day and there is no other explanation of why it was towed except in that no other vehicle was towed on that day."

10.     Such of court's circular statements in its prior order: that they are sufficient allegations, and in the next sentence, there is no other explanation, this is contradictory from the court to say the least.

11.     Moreover, when there was no other explanation in the prior complaint– that means there is **discriminatory intent and discriminatory effect**.

12.     When there is no race-neutral and gender-neutral explanation for ticketing and towing only of plaintiff's car versus no other cars– which means Defendants acted in racist and gender-based discrimination.

---

**FIRST-AMENDED COMPLAINT**
RESHMA KAMATH

13.     *Fourthly*, such facts are discovered during the discovery stage, not the plausibility of the complaint stage under FRCP 8(A).

14.     This is just plain ol' White racism. White judges' self-fulfilling belief that they're infallible and above everyone – that they understand everyone and everything around them. But in reality, they're condescending, demeaning, and racist.

15.     *Fifthly*, the court goes on to make more blatantly racist and borderline idiotic statements: "Likewise, although Plaintiff alleges she was targeted based on her race, ethnicity, and gender because she observed other vehicles similarly parked which were not ticketed, she does not allege the race, ethnicity, or gender of the owners/operators of those unticketed vehicles." (pg. 5, lines 22-25, ECF. Dkt. No. 54). The reason this touches upon stupidity is that the owners/operators of the unticketed vehicles are not sitting there – they have parked their cars in front of the 450 Golden Gate Ave., SF, CA building in an area with no signs of no parking, no reclamation sign on any sign, with a tree blocking any signage on a parallel street, and no red curb. The Defendants and the court in its failure ignore all that and turn a blind eye.

16.     *Sixthly,* the Court goes on to make more assumptions and legally conclusory remarks stating somehow the court knows the only reason the ticket was issued was "illegally parked." Borderline racist and assumptive remarks from the White judicial



officer of the court. As usual, the court should remain confused and scratch its racist head on why this is selective enforcement and discrimination. Rather, the court should think from a rational and logical perspective – which the court has utterly failed to do in its biased/prejudicial ruling.

17.     If the court understands constitutional law (which clearly the court doesn't - based on its prior rulings), if one is treated differently than others similarly-situated, that is sufficient to raise a 42 U.S.C. 1983 discrimination claim. It does not have to be based on race and/or gender only.

18.     Finally, this action seeks monetary damages because of the Defendants' participation in the wrongful deprivation of a private person, particularly Plaintiff's property; and, where Defendants had engaged in selective enforcement/ discrimination towards Plaintiff. The reason for solely seeking monetary damages is injunctive relief would be moot. And, that is the only way to make Plaintiff whole again.

## VENUE & JURISDICTION

19.     This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's claims, which are based on state law, under 28 U.S.C. § 1367.

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

20.    Venue in the United States District Court for the United States District Court Northern District of California San Francisco Division is proper pursuant to 28 U.S.C. § 1391.

21.    Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

22.    Plaintiff also brings state law claims for second and third claims for relief pursuant to this Court's supplemental jurisdiction.

## **PARTIES**

23.    Plaintiff is Reshma Kamath, a natural person residing in the United States, particularly in Arizona, and in California. For work purposes, Plaintiff is sometimes at 450 Golden Gate Ave., San Francisco, California, Phillip Burton building. ("subject-incident address.")

24.    Defendant is the San Francisco Police Department at or near subject-incident address.

25.    Defendant is the United States Department of Homeland Security at subject-incident address.

26.    Defendant is the Federal Protective Services housed in the United States DHS of the San Francisco federal court at subject-incident address.

27.    Defendant is Steve Glumas employed at subject-incident address.

---

**FIRST-AMENDED COMPLAINT**
RESHMA KAMATH

28.     Defendant is police officer/security guard #1 John Doe, male, Filippino, short, bald and fat, at subject-incident address.

29.     Defendant is police officer/security guard # 2 John Doe, male, Nigerian, with tattoos, at subject-incident address.

## **FACTUAL ALLEGATIONS**

30.     In the year 2020, Plaintiff purchased a BMW 750 LI for personal and professional use. As a result of this transaction, Plaintiff became the owner of the vehicle.

31.     The title, registration, and insurance of the vehicle were (and are) current at the time of Defendants' deprivation.

32.     From May and July 2023, Defendants had engaged in selective enforcement, discrimination and harassment towards Plaintiff - particularly Defendants Glumas, security guards # 1 and # 2.

33.     Between May and July 2023 on-going, Defendants SFPD and DHS FPS, particularly Defendants Glumas, security guards # 1 and # 2, have repeatedly given falsified tickets, to Plaintiff, atleast three (3) in total, and subsequently towed Plaintiff's vehicle. No other vehicle was ticketed at each of the times during the same time that Plaintiff's vehicle was parked at the subject address depicted in **Exhibits A and B. None of the windshields have a ticket displayed and no special permit stuck on the windshield.**

---

**FIRST-AMENDED COMPLAINT**

34.    **This phenomenon continued even after the initiation of this complaint – all other vehicles freely parked in the subject-incident address with no tickets and no special permits. Definitely not towed.**

35.    During the stated-time, May-July 2023, several other cars and vehicles were parked on the same street at subject-incident address around Plaintiff's vehicle; and yet, not one of the other vehicles and cars had any tickets on them during each of the falsified ticket incidents by Defendants.

36.    Plaintiff took videos and photographs of the other vehicles and cars to show that none of the similarly-situated cars/vehicles parked in the same zone and same road across from, behind, and adjacent from Plaintiff's vehicle had any tickets on them during each of the falsified ticket incidents.

37.    It cannot be that this idiotic court thinks that the car was illegally parked, but then thinks all the other cars parked in the same place are legally parked. I tis one or the other, cannot be both. None of them had special permits or certifications to park there.

38.    None of the other car drivers and passengers were Indians/Indian-Americans/ and/or from Hindu culture.

39.    From naked eye observation, the other similarly-situated car parkers were White or Latin-Americans. Some had no one sitting in the car and the cars were parked for hours. There was no towing.

---

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

40.     Between May and July 2023 on-going, Defendants SFPD and DHS FPS, particularly Defendant Glumas, security guards # 1 and # 2 have repeatedly given falsified tickets, to Plaintiff, atleast three (3) in total and towed Plaintiff's vehicle; while SFPD and DHS FPS did not give any tickets to the cars around the Plaintiff's vehicle. **See EXHIBIT A AND B with cars having no tickets and no special permits displayed on the windshield or otherwise.**

41.     Between May and July 2023 on-going, Defendants SFPD and DHS FPS have repeatedly given falsified tickets, to Plaintiff, three (3) in total and towed Plaintiff's vehicle; while Defendants SFPD and DHS FPS, each of them working in tandem, have not towed any other cars and vehicles at the exact same place where Plaintiff's vehicle was lawfully parked.

42.     When Plaintiff saw the ticket in May 2023 from SFPD, it stated, "parking restriction."

43.     However, Plaintiffs have seen several cars parked at the exact same incident address, same parking spot, with no tickets and no special permits, on numerous other days.

44.     On the same days, as seen in Exhibits A and B, even across the street, cars were parked with no tickets and no special permits, on numerous other days.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

45.     Then, Plaintiff decided to park her vehicle in the same location the next time Plaintiff is there to see whether Defendants will engage in repeated patterns of selective enforcement and discrimination.

46.     Defendants did just that. Defendants had intentionally engaged in repeated patterns of selective enforcement and discrimination towards Plaintiff.

47.     When Plaintiff saw the second and third tickets in June-July 2023 from SFPD, it stated federal violation (July 10, 2023), and tow-away zone (July 11, 2023). However, on the same days, Plaintiff has seen several cars in the same zone parked right behind and in front of Plaintiff's vehicle with no ticket from Defendants. On the same days, even across the street, any and all of the other cars parked in the same zone had no tickets from Defendants.

48.     Thus, it was clear that Defendants were engaging in selective enforcement towards Plaintiff.

49.     On July 11, 2023, the day of the second ticket, when Plaintiff was walking from her work address to Plaintiff's vehicle, Plaintiff saw the Defendants' agents watching her walk to her vehicle.

50.     On July 12, 2023, the day of the second ticket, when Plaintiff was unlocked her vehicle and started to drive, Plaintiff saw the Defendants' agent suddenly drove up to and next to Plaintiff's vehicle.

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

51.     The day of the tow-away on July 13, 2023, Plaintiff had decided to park her vehicle in the same location (no red curb, no signage, tons of other cars parked on that exact street) to see whether Defendants would engage in one more repeated pattern of selective enforcement and discrimination.

52.     Defendants did just that. Defendants intentionally engaged in repeated patterns of selective enforcement and discrimination towards Plaintiff.

53.     Defendants were scanning the license plate, and checking the name of the person to whom the vehicle belongs to; and, when they saw Reshma Kamath having ownership, the Defendants intentionally and invidiously only gave a ticket to Reshma Kamath based on her race, ethnicity and gender.

54.     Reshma Kamath is Indian-American, Asian, and is a woman of color.

55.     From May and July 2023 on-going, Defendants SFPD and DHS FPS may argue discretion; however, they have manifested their actions, and omissions, as selective enforcement.

56.     From May and July 2023 on-going, Defendants SFPD and DHS FPS may argue discretion; however, they have manifested omissions, as selective enforcement.

57.     From May and July 2023 on-going, Defendants SFPD and DHS FPS may argue discretion; however, they were acting under color of state and federal law.

58.     From May and July 2023 on-going, SFPD and DHS FPS, have scanned the license plate of Plaintiff's vehicle, and saw that her name was Reshma Kamath; and thereby, only given tickets to Plaintiff.

59.     There is a video camera pointing to the street on 450 Golden Gate Ave., San Francisco, California that Plaintiff intends to subpoena.

60.     On July 12, 2023, agents of Defendants SFPD and DHS FPS started their car at the same time that Plaintiff got into her car.

61.     The agents, Defendants, security guards #1 and #2, were literally next to Plaintiff's car when she was in her vehicle. They had waited for Plaintiff to approach her vehicle, and then driven up next to her to observe who she was. When Plaintiff made eye contact with them, they kept staring and almost blocked Plaintiff's ingress/egress from the vehicle in the spot where Plaintiff was parked.

62.     Clear racist misogyny from Defendants, security guards #1 and #2.

63.     Plaintiff recognized the officer closest to Plaintiff's vehicle was an officer who was bald.

64.     The next day, the same officer appeared to not only tow Plaintiff's vehicle, but also to **not** release her vehicle to her and slam the door while he was yelling at Plaintiff. Plaintiff has the video.

**FIRST-AMENDED COMPLAINT**
RESHMA KAMATH

65.     On July 13, 2023, on-going, Defendants, SFPD and DHS FPS, i.e., security guards #1 and #2, may argue discretion; however, they have manifested their actions, and lack thereof, as selective enforcement.

66.     Plaintiff even requested from Defendant Glumas whether there was a legal unit there to discuss the issue.

67.     Plaintiff has a video of Defendants, security guards #1 and #2, yelling, and slamming the door on her outside SFPD and DHS FPS office at the subject incident building, as well as, not allowing Plaintiff to sign the papers to release her vehicle when Plaintiff had requested the release.

68.     Plaintiff felt physically intimidated by the presence of Defendants' agents.

69.     None of the Defendants afforded Plaintiff an opportunity to be heard prior to the deprivation of the vehicle.

70.     The seizure of Plaintiff's vehicle was unreasonable.

71.     Defendants' agents stated to Plaintiff that the officer who has the alleged "release form" for her vehicle was "gone for the day."

72.     As a proximate result of Defendants' actions, Plaintiff was deprived of her vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, and mental distress.

73.     To the date of her filing, Plaintiff does not have her property, Plaintiff's vehicle with her.

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

74.     Plaintiff had several errands to run after winning her jury trial on July 13, 2023; and because of Defendants' conduct and omissions, Plaintiff was deprived on July 14, 2023, and thereafter, from performing those work-related errands.

## CLAIMS FOR RELIEF

## FIRST CLAIM OF RELIEF

## 42 U.S. Code § 1983 - Civil action for deprivation of rights

75.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

76.     Defendants at all times relevant to this action were acting under color of state and federal law.

77.     Defendants unlawfully deprived Plaintiff of her property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

78.     Defendants made an unreasonable and warrantless seizure of Plaintiff's vehicle at subject-incident address in violation of the Fourth Amendment to the United States Constitution.

79.     Defendants were scanning the license plate, and checking the name of the person to whom the vehicle belongs to; and, when they saw Reshma Kamath having ownership, the Defendants intentionally and invidiously only gave a ticket to

---

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

Reshma Kamath based on her race, ethnicity and gender, i.e., Reshma Kamath is Indian-American, Asian, and is a woman of color.

80.     In addition to this, as a race-based and gender-based discrimination, (i) the other similarly-situated vehicles had individuals parked in the exact same subject-incident address; (ii) were not Indian/Asian; (iii) the other similarly-situated vehicles had individuals who were White or Latin-Americans; (iv) the other similarly-situated vehicles had individuals who were mostly male; and, (v) the other similarly-situated vehicles had individuals who were neither ticketed nor towed.

81.     Further, same subject-incident address had (i) no red curb, (ii) no signage, and (iii) plenty of other similarly-situated vehicles parked in the exact same parking spot at the exact same subject-incident address of Plaintiff's car. See **EXHIBITS A, B.**

82.     Moreover, there is a tree blocking a tow-away sign on the parallel street with yet another sign blocking that sign on the parallel street.

83.     Parallel street would be perpendicular to the subject-incident address. Thus, neither the sign is visible, nor is there any marking where Plaintiff's car was parked.

84.     Perpetrators-Defendants Glumas, security guard officers # 1 and 2 were all male. In fact, there is no woman who works as a security guard at the subject-incident ingress and egress on the Turk Street location when Plaintiff was there.

85.     Defendants Glumas, security guard officers # 1 and 2 were non-white presumedly, and not of them was Indian/Indian-American.

---

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

86.     Defendants engaged in selective enforcement and discrimination.

87.     When there is no other explanation– that means there is **discriminatory intent and discriminatory effect**.

88.     When there is no race-neutral and gender-neutral explanation for ticketing and towing only of plaintiff's car versus no other cars– which means Defendants acted in racist and gender-based discrimination.

89.     Defendants must produce evidence that they ticketed and towed other similarly-situated cars on the stated days – near Plaintiff's car, and/or at the same location.

90.     Defendants' agents were male and non-Indian based on Plaintiff's personal knowledge.

91.     Defendants also delayed returning Plaintiff's car to her making excuses that the select personnel was not there.

92.     Defendants, particularly security officers # 1 and 2, and Steve Glumas delayed returning Plaintiff's car to her making excuses that the select personnel was not there.

93.     As a result, Plaintiff incurred costs.

94.     At all times relevant hereto, Defendants acted pursuant to a policy and/or custom of Defendants without court order and without providing an opportunity to

be heard under due process of the Fifth Amendment of the United States

Constitution.

95.    Defendants violated the Fourth and Fourteenth Amendment of the United

States Constitution.

96.    If leave to amend is further granted, Plaintiff would like to parse each of the

constitutional violations into a separate cause of action.

## SECOND CLAIM OF RELIEF

## CONVERSION

97.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten

herein.

98.    The property was Plaintiff's vehicle.

99.    Without Plaintiff's consent, from July 13, 2023 on-going, Defendants

negligently, and intentionally deprived Plaintiff of her rightful possession of

Plaintiff's vehicle.

100.   Plaintiff went to the office of the DHS FPS, and was informed they will not

release her vehicle, because the officer with the release form were not there.

101.   Plaintiff had ownership and/or right to possession of property.

102.   Defendant's wrongful act toward and/or disposition of the property, such as

selective enforcement and discrimination to Plaintiff, interfering with plaintiff's

possession; and damage to plaintiff.

103.   However, the two officers who were speaking to Plaintiff were from the prior day in the car next to Plaintiff's vehicle; and, they walked up to Plaintiff knowing they "knew" the Plaintiff.

104.   At all times relevant hereto, Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

### THIRD CLAIM OF RELIEF

### CIVIL ASSAULT

105.   Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

106.   Defendants security guards # 1 and 2 at the SFPD/DHS location working for Defendants SFPD and DHS FPS created a reasonable apprehension of physical and bodily harm to Plaintiff in the conduct of Defendants' agents on July 13, 2023 after 3 p.m. PT.

107.   Defendants security guards # 1 and 2 at the SFPD/DHS location - were yelling and screaming that was captured in a video.

108.   Thus, Plaintiff had fear and apprehension of lack of her safety and her bodily harm based on Defendants' conduct on July 13, 2023 after 3 p.m. PT.

109.   Based on this, Defendants committed a civil assault upon Plaintiff.

///

///

---

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

## **PRAYER FOR RELIEF**

a. A judgment in favor of Plaintiff for $10.50 million in damages inclusive of repairs

to the damages to the car from tow-away and related;

b. Actual, general, special and punitive damages in an amount to be determined at

trial;

c. A judgment for compensatory and expectancy damages in an amount to be

determined at trial, plus reasonable attorneys' fees pursuant to 42 U.S.C. § 1988,

against all Defendants;

d. A judgment for compensatory and punitive damages in an amount to be

determined at trial;

e. A jury trial on all appropriate issues;

f. An award of costs and expenses against the Defendants; and,

g. Any and all other relief this Court may deem appropriate.

*Sincerely,*

**DATED: APRIL 30, 2024**          **RESHMA KAMATH**

*/S/ Reshma Kamath*

Plaintiff, *In Propria Persona*

---

**FIRST-AMENDED COMPLAINT**



## **VERIFICATION**

I, RESHMA KAMATH, am plaintiff in the above-stated matter. I have read the

**VERIFIED FIRST-AMENDED COMPLAINT FOR DAMAGES:**

**1. 42 U.S. Code § 1983 - Civil action for deprivation of rights;**

**2. CONVERSION;**

**3. CIVIL ASSAULT.**

and know the contents thereof. The matters stated therein are true of my own

knowledge, except as to those matters that are therein stated on information and

belief, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the

United States of America that the foregoing is true and correct.

///

    **DATED: APRIL 30, 2024**        **RESHMA KAMATH**

                                          */S/ Reshma Kamath*

                                    Plaintiff, *In Propria Persona*

1
2

## PROOF OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

3

4

5

6

        I am employed in the County of San Mateo, California. I am over the age of 18, and not a party to this action. My mailing address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, and my e-mail address is reshmakamath2021@gmail.com for electronic-service. On May 01, 2024, I served the document(s) on: SEE ATTACHED SERVICE LIST.

7

**VERIFIED FIRST-AMENDED COMPLAINT FOR DAMAGES:**

8

**1. 42 U.S. Code § 1983 - Civil action for deprivation of rights;**

9

**2. CONVERSION;**

10

**3. CIVIL ASSAULT**

11

12

**PROOF OF SERVICE.**

13

14

15

16

**VIA ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein.

17

18

19

20

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on May 01, 2024.

21

22

23

24

25

26

**SERVICE LIST**
David Chiu David.chiu@sfcityatty.org
Abigail Heather Wald abigail.wald@sfcityatty.org
Anite Murdock anita.murdock@sfcityatty.org
Monica Trejo monica.trejo@sfcityatty.org
Ray Feliciano ray.feliciano@sfcityatty.org
Attorneys for Defendant SFPD

27

28

---

**FIRST-AMENDED COMPLAINT**

RESHMA KAMATH

Michelle Lo Michelle.Lo@usdoj.gov
CaseView.ECF@usdoj.gov
Kathy Terry Kathy.Terry@usdoj.gov

Attorneys for Defendants US Department of Justice, Homeland Security