RESHMA KAMATH
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Plaintiff, *in propria persona*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO POLICE DEPARTMENT (SFPD); ET AL.,<br><br>Defendants. | CASE NO.: 3:23-CV-03531-JSC<br><br>*[ASSIGNED FOR ALL PURPOSES TO HONORABLE JUDGE JACQUELINE SCOTT CORLEY]*<br><br>PLAINTIFF RESHMA KAMATH'S FURTHER CASE-MANAGEMENT STATEMENT<br><br>*Further Case Management Conference*<br><br>DATE: MAY 16, 2024<br><br>TIME: 1:30 p.m. PT<br><br>DEP'T: ZOOM WEBINAR |

*TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, HEREIN*:

1

### *PLAINTIFF RESHMA KAMATH'S FURTHER CASE-MANAGEMENT STATEMENT*

Plaintiff Reshma Kamath submits this Plaintiff's Case-Management Statement:

1. *Jurisdiction and Service:*

The basis for the court's subject matter jurisdiction over plaintiff's claims is federal diversity jurisdiction, as well as subject-matter jurisdiction over 42 U.S.C 1983 matters. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's claims, which are based on state law, under 28 U.S.C. § 1367. Venue in the United States District Court for the United States District Court Northern District of California San Francisco Division is proper pursuant to 28 U.S.C. § 1391. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also brings state law claims for second and third claims for relief pursuant to this Court's supplemental jurisdiction. Plaintiff will not change the name of Defendant SFPD to City or County - the court can try to conceal and hide the police department's fault, but Plaintiff won't. Since there is no duplication and it is clear who the party, i.e., Defendant SFPD the case must go on. Defendant Homeland Security has disappeared since its prior filing all of a sudden and attempted to make NO contact ever with Plaintiff. Only filing with the court.

2. *Facts:*

Plaintiff Reshma Kamath is a natural person residing in the State of Arizona and working remotely.

When Plaintiff is in California, it is for work purposes at 450 Golden Gate Ave.,



1  San Francisco, California, and/or California courts. ["work address."] Defendant is the
2  San Francisco Police Department at or near Plaintiff's work address. Defendant is the
3  United States Department of Homeland Security at Plaintiff's work address. Defendant
4  is the Federal Protective Services housed in the United States DHS of the San Francisco
5  federal court at Plaintiff's work address. Defendant is Steve Glumas who is the office
6  and agent of Defendant SFPD, and/or Defendant Homelamd Security. Between May
7  and July 2023 on-going, Defendants SFPD and DHS FPS have engaged in selective
8  enforcement and discrimination towards Plaintiff.

10  Between May and July 2023 on-going, Defendants SFPD and DHS FPS have
11  repeatedly issued falsified tickets, to Plaintiff, four (4) in total, and towed Plaintiff's
12  vehicle. There were several other cars and vehicles around Plaintiff's vehicle; and yet,
13  not one of the other vehicles and/or cars had any tickets on them during each of the
14  falsified ticket incidents by Defendants.

16  Plaintiff took videos and photographs of the other vehicles and/or cars to
17  demonstrate that each of them had parked in the same zone and same road behind the
18  Plaintiff's vehicle. Yet, the pictorial recording of the vehicles and/or cars adjacent to
19  Plaintiff's vehicle had no tickets on them during each of the Defendants' falsified ticket
20  incidents.

22  Between May and July 2023, Defendants SFPD and DHS FPS have repeatedly
23  given falsified tickets, to Plaintiff, three (3) in total and towed Plaintiff's vehicle; while
24  SFPD and DHS FPS did not give any tickets to the cars around Plaintiff's vehicle.

26  Between May and July 2023 on-going, Defendants SFPD and DHS FPS have
27  repeatedly given falsified tickets, to Plaintiff, three (3) in total and towed Plaintiff's
28  vehicle; while Defendants SFPD and DHS FPS have not towed any other cars and

vehicles around Plaintiff's vehicle.

When Plaintiff saw the ticket dated May 2023 from Defendant SFPD, it stated, "parking restriction."

However, Plaintiff had seen several cars parked there with no ticket on numerous other days. On the same day, even across the street, cars were parked with no tickets. Then, Plaintiff decided to test and see whether parking her vehicle in the same location the next time will generate a similar conduct, and/or lack thereof from Defendants.

Then, Plaintiff decided to park her vehicle in the same location the next time to see whether Defendants will engage in repeated patterns of selective enforcement and discrimination. Defendants did just that.

Defendants had intentionally engaged in repeated patterns of selective enforcement and discrimination towards Plaintiff. When Plaintiff saw the second and third tickets in June-July 2023 from SFPD, it stated federal violation (July 10, 2023), and tow-away zone (July 11, 2023).

However, on the same days when she was ticketed, Plaintiff had seen several cars in the same zone parked right behind and in front of Plaintiff's vehicle with no ticket[s] from Defendants. On the same days, even across the street, any and all of the other cars parked in the same zone had no tickets from Defendants. Thus, it was clear that Defendants were engaging in selective enforcement towards Plaintiff.

On July 11, 2023, the day of the second ticket, when Plaintiff was walking from her work address to Plaintiff's vehicle, Plaintiff saw the Defendants' agents watching her walk to her vehicle.

4

On July 12, 2023, the day of the second ticket, when Plaintiff unlocked her vehicle and started to drive, Plaintiff saw the Defendants' agent suddenly drive up to and next to Plaintiff's vehicle.

The day of the tow-away was on July 13, 2023. Earlier that day, Plaintiff had decided to park her vehicle in the same location to see whether Defendants would engage in one more repeated pattern of selective enforcement and discrimination. Defendants did just that.

Defendants had intentionally engaged in repeated patterns of selective enforcement and discrimination towards Plaintiff. Defendants were scanning the license plate, and checking the name of the person to whom the vehicle belongs to. There is a video camera pointing to the street on 450 Golden Gate Ave., San Francisco, California. Plaintiff had intended to subpoena that video camera.

On July 12, 2023, agents of Defendants SFPD and DHS FPS started their car at the same time that Plaintiff got into her car. The agents were literally next to Plaintiff's car when she was in her vehicle. Defendant security guards and Defendant Steve Glumas were named now.

Plaintiff recognized the officer closest to Plaintiff's vehicle was an officer who was bald. The next day, the same officer appeared to not only tow Plaintiff's vehicle, but also to not release her vehicle to her and slam the door while he was yelling at Plaintiff. On July 13, 2023 on-going, Defendants SFPD and DHS FPS may argue discretion; however, they have manifested their actions, and lack thereof, as selective enforcement. Plaintiff even requested whether there is a legal unit there to discuss the issue. However, to no avail.

*3. Legal Issues:*

The Plaintiff has stated the below causes of action listed:

*1. 42 U.S. Code § 1983 - Civil action for deprivation of rights; 2. CONVERSION; 3. CIVIL ASSAULT.* However, Plaintiff will identify further causes of action in the first-amended complaint.

*4. Motions:*

The afore-captioned case potentially could be resolved via a motion for summary judgment in the entirety, and/or summary adjudication on any and all matters.

*5. Amendment of Pleadings:*

Plaintiff filed a First-Amended Complaint with Exhibits in pictorial and video format.

*6. Evidence Preservation:*

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have yet to meet-and-confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

///

///

7. *Disclosures*:

Plaintiff - based on the service in progress upon Defendants - has yet to remain in full and timely compliance with the initial disclosure requirements of Federal *Rules of Civil Procedure, Rule* 26.

8. *Discovery*:

Discovery has not ensued to date. This is where Plaintiff will spend a majority of the time and resources engaging in discovery and depositions of the individuals/Defendants' Person-Most-Knowledge [PMKs]/ Defendants' Person-Most-Qualified [PMQs].

Plaintiff intends to *subpoena* the building facilities and Homeland Security in the SF Northern District division building. Since Plaintiff has yet to serve defendants, the discovery and depositions have not yet occurred. Since Plaintiff is an attorney, Plaintiff is focused on resolving other clients' issues prior to her own matters.

9. *Class Actions*:

This is not a class action – unless other individuals who were similarly discriminated against, and mistreated come forth to identify as class-members.

10. *Related Cases*:

There are no related cases or proceedings pending before another judge of this court, and/or before another court or administrative body.

11. *Relief*:

All relief sought through complaint including:

a. A judgment in favor of Plaintiff for $10.50 million in damages inclusive of repairs to the damages to the car from tow-away and related; b. Actual, general, special and punitive damages in an amount to be determined at trial; c. A judgment for compensatory and expectancy damages in an amount to be determined at trial, plus reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, against all Defendants; d. A judgment for compensatory and punitive damages in an amount to be determined at trial; e. A jury trial on all appropriate issues; f. An award of costs and expenses against the Defendants; and, g. Any and all other relief this Court may deem appropriate.

12. *Settlement and ADR:*

Plaintiff has offered videos and pictures in her possession, custody, care, and control of the discrimination ensured by Defendants. This can lead to a motion for summary judgment in the entirety, and/or summary adjudication on any and all matters.

Plaintiff is amicable in resolving this issue via a mandatory/voluntary settlement conference, and/or any other mediation efforts.

13. *Other References*:

No, this case is not suitable for reference to binding arbitration, a special master, and/or the Judicial Panel on Multidistrict Litigation.

14. *Narrowing of Issues*:

PLAINTIFF'S CASE-MANAGEMENT STATEMENT

RESHMA KAMATH

Plaintiff has offered videos and pictures in her possession, custody, care, and control of the discrimination ensured by Defendants. This can lead to a motion for summary judgment in the entirety, and/or summary adjudication on any and all matters.

### 15. *Expedited Trial Procedure:*

No, this can be under the regular calendar, and the Expedited Trial Procedure of General Order No. 64 Attachment A is not required.

### 16. *Scheduling:*

Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

### 17. *Trial:*

Whether the case will be tried by a jury and the expected length of the trial will be 5-7 days.

### 18. *Disclosure of Non-party Interested Entities or Persons:*

Yes, Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Plaintiff restates in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:

(i) a financial interest in the subject matter in controversy or in a party to the proceeding; and/or

(ii) any other kind of interest that could be substantially affected by the outcome of the proceeding as stated:

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;

DEFENDANT; PARTY THAT IS INTENTIONALLY DISCRIMINATING IN MIS-APPLICATION OF ANY ALLEGED RULES.

SAN FRANCISCO POLICE DEPARTMENT;

DEFENDANT; PARTY THAT IS INTENTIONALLY DISCRIMINATING IN MIS-APPLICATION OF ANY ALLEGED RULES. DEFENDANT;

FEDERAL PROTECTIVE SERVICES;

STEVEN GLUMAS;  SECURITY GUARDS # 1 AND # 2.

PARTY THAT IS INTENTIONALLY DISCRIMINATING IN THE MIS-APPLICATION OF ANY ALLEGED RULES. DEFENDANT; PARTY WILL BE ADDED AS DEFENDANT/AGENT OF DEFENDANT SFPD.

LAW OFFICE OF RESHMA KAMATH; AND,

PLAINTIFF'S BUSINESS;

RESHMA KAMATH,

PLAINTIFF, *IN PROPRIA PERSONA;*

19. *Professional Conduct:*

Yes, *in propria persona* Plaintiff, who is also an attorney of record has reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. *Miscellaneous:* DEFENDANT SFPD has now added one more East-American attorney this time a woman. (Plaintiff Reshma having lived in South Korea for six years and quite well knows what to make of this.) No idea why East-Asians in America are more discriminatory than those overseas. Probably because the East-Asian-Americans in America get away with a lot based on the obliviousness of White people and Americans in general. The love of White-Americans' and general attitude for East-Asian people seeing them as innocent is pervasive in the way Defendant SFPD and the Judge are gaming the system/litigating this case. Not that they're better or smarter - it is just White people like and believe them more, men like and believe them more.

It is a borderline fetish and goes without saying the Judge has an East-Asian female clerk, and an African-American female clerk, too. Both seem uneducated in the law and legal system, i.e., no law-school degree. The Judge displays typical White behavior in this case, doesn't adhere to the law and code, and has prejudicially made up her mind even before this case started litigating. Racist to say the least. None of the Defendants' attorneys tried to meet-and-confer prior to the MTD or the case-management statement. Just hiring different color people with unique names doesn't mean you have "diversity" - bias must be checked at all times. All those people revelling now this is the future of your daughters and grand-daughters.

Dated: **MAY 09, 2024**                                    *Sincerely,*

**RESHMA KAMATH**
*/S/ Reshma Kamath*
Reshma Kamath, Plaintiff