1  DAVID CHIU, State Bar #189542
   City Attorney
2  JENNIFER E. CHOI, State Bar #184058
   Chief Trial Deputy
3  ABIGAIL H. WALD, State Bar #309110
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3901
6  Facsimile:    (415) 554-3837
   E-Mail:       abigail.wald@sfcityatty.org

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>      Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT (SFPD); UNITED STATES DEPARTMENT OF HOMELAND SECURITY; FEDERAL PROTECTIVE SERVICES; STEVE GLUMAS; SECURITY GUARD # 1, SECURITY GUARD # 2; AND DOES 1-10, INCLUSIVE,<br><br>      Defendants. | Case No. 3:23-CV-3531-JSC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 41(b)) AND TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT (Fed. R. Civ. P. 12(f)) AND REQUEST FOR STAY**<br><br>Hearing Date:   June 20, 2024<br>Time:           10:00 a.m.<br>Place:          Courtroom 8 - 19th Floor<br>                450 Golden Gate Ave.<br>                San Francisco, CA 94102 |

Plaintiff's claims against the City and County of San Francisco, still erroneously sued as Defendant "San Francisco Police Department (SFPD)" ("Defendant" or the "City"), should be dismissed without leave to amend.  Plaintiff has already been given a chance to amend her complaint, but the First Amended Complaint (ECF No. 67 ("FAC")) fails to cure the deficiencies that led to the complaint's dismissal.  The City, accordingly, moved to dismiss and/or strike the claims against it in the FAC with prejudice.  (ECF No. 71 ("Motion").)  Plaintiff failed to oppose the City's Motion.

The FAC once again claims Plaintiff's rights were violated by various state and federal government departments, because she was ticketed and eventually towed after parking illegally multiple times.  As explained in the City's Motion, the FAC fails to resolve any of the complaint's deficiencies that led to its dismissal.  None of the new FAC allegations evidence that there was an underlying policy, custom, or practice that could give rise to liability for the City.  *See* Motion at § III.A.  None of the new allegations demonstrate that Plaintiff exhausted the required administrative remedies to pursue state law claims against the City.  *See id*. at § III.C.  In fact, the FAC does not put forth a single new allegation to attempt to resolve these deficiencies.  *Id*.  The new allegations that the FAC does include only confirm that Plaintiff was parked illegally in a tow-away zone at the time she was ticketed and towed, but otherwise remain far too speculative to support that any predicate constitutional violation even occurred.  *See id*. at § III.B.

The FAC also improperly included a state law claim for assault against the City that was dismissed without leave to amend (*see id*. at § III.C.2.), and for that reason, among others, Plaintiff intentionally violated this Court's prior order dismissing the Complaint, creating another basis for dismissing the FAC under Federal Rule of Civil Procedure 41(b).  *See id*. at § III.D.

Plaintiff has now failed to oppose the City's Motion, which should be viewed as an abandonment of all her claims against the City.  *See United States ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018) (affirming dismissal of abandoned claim without leave to amend).[1]

---

[1] *See also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim ... in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss ..., has effectively abandoned his claim, and cannot raise it on appeal."); *King v. Contra Costa Cty.,* Case No. 20-cv-462-SBA, 2020 U.S. Dist. LEXIS 34805, at *4 (N.D. Cal. Feb. 28, 2020) (failure to oppose viewed as "an abandonment of the claims for which dismissal is being sought."); *Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2018 WL 4700342, at *5 (N.D. Cal. Oct. 1, 2018) (granting motion to dismiss with prejudice as to claim "because Plaintiffs' silence on this

Indeed, Plaintiff's failure to oppose the City's Motion can also be considered as an independent ground to grant the City's Motion. *See Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (affirming dismissal of complaint based on plaintiff's failure to oppose it); *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213 SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009) ("The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion.") Plaintiff's failure to oppose the City's Motion, also creates a further basis supporting dismissal under Rule 41(b), as evidence of Plaintiff's failure to prosecute. *See, e.g.*, *Rasool v. Union City*, No. 21-CV-06510-KAW, 2021 WL 8153584, at *1–2 (N.D. Cal. Oct. 28, 2021), *report and recommendation adopted*, No. 4:21-CV-06510-YGR, 2021 WL 8153597 (N.D. Cal. Nov. 19, 2021) (finding that Rule 41(b) created an alternative basis for dismissal for a plaintiff's failure to file an opposition to a motion to dismiss following an order to show cause); *Enders*, 2009 WL 4018512, at *2 (granting motion to dismiss under Rule 41(b) due to Plaintiff's failure to oppose it).

The FAC should be dismissed with prejudice as to the City.

Dated: May 31, 2024

> DAVID CHIU
> City Attorney
> JENNIFER E. CHOI
> Chief Trial Deputy
> ABIGAIL H. WALD
> Deputy City Attorney
>
>
> By: */s/ Abigail H. Wald*
>    ABIGAIL H. WALD
>
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO

---

issue shows they have abandoned this theory"); *Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-CV-04768-LHK, 2017 WL 346021, at *19–20 (N.D. Cal. Jan. 24, 2017) (granting motion to dismiss with prejudice as to claim "because Plaintiffs' failure to even argue the issue in their opposition indicates a waiver of this claim."); *Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims").