UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 3:23-cv-03531-JSC<br><br>**ORDER RE: THE CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 71 |

Plaintiff brings claims against the San Francisco Police Department, Federal Protective Services, the Department of Homeland Security, Steve Glumas, and two unnamed security guards arising out of the ticketing and towing of her vehicle. Defendant the City and County of San Francisco moves to dismiss the claims pled against the San Francisco Police Department. The Court previously granted the City's motion to dismiss and granted Plaintiff leave to amend two of her three claims. Plaintiff has since filed a First Amended Complaint repleading the same three claims and adding the three individual defendants. (Dkt. No. 67.[1]) The City's motion to dismiss is now pending before the Court. (Dkt. No. 71.) Plaintiff has not filed an opposition to the motion and the time to do so has run. *See* N.D. Cal. Civ. L.R. 7-3(a). Having reviewed the motion and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the June 20, 2024 hearing, and GRANTS the motion to dismiss.

**PLEADING STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though allegations of fact are taken as true and construed in the light most favorable to plaintiff, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended on denial of reh'g en banc*, 275 F.3d 1187 (9th Cir. 2001).

## DISCUSSION

Plaintiff's First Amended Complaint repleads her claims for (1) deprivation of rights under 42 U.S.C. § 1983; (2) conversion; and (3) civil assault. (Dkt. No. 67.) Because Plaintiff has not cured the pleading defects identified in the prior Order, these claims against the City must be dismissed.

First, to state a Section 1983 claim against a municipality, a plaintiff must allege: (1) the plaintiff was deprived of a constitutional right; "(2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (cleaned up). The Court previously dismissed this claim because Plaintiff had not alleged facts which raised a plausible right to relief—she had not alleged a policy, practice or custom which would give rise to municipal liability, nor had she alleged which of the multiple entity defendants committed the alleged constitutional violation, or sufficient facts to support an inference she was targeted based on her race, ethnicity, and/or gender. (Dkt. No. 54 at 5.)

The First Amended Complaint still does not allege a policy, custom, or practice which would give rise to municipal liability. And while Plaintiff's First Amended Complaint is replete with vitriol and conclusory allegations, none state a plausible claim for municipal liability under Section 1983. (*See, e.g*, Dkt. No. 67 at ¶ 37 ("this idiotic court thinks that the car was illegally parked, but then thinks all the other cars parked in the same place are legally parked"); ¶ 39 ("From naked eye observation, the other similarly-situated car parkers were White or Latin-Americans. Some had no one sitting in the car and the cars were parked for hours. There was no towing."); ¶ 88 ("When there is no race-neutral and gender-neutral explanation for ticketing and

2

towing only of plaintiff's car versus no other cars– which means Defendants acted in racist and gender-based discrimination.").) Plaintiff's Section 1983 claim is dismissed for failure to state a claim and cure the previously identified pleading defects.

Second, the Court previously dismissed Plaintiff's conversion claim because Plaintiff did not allege she had administratively exhausted her claim as required by California law. *See* Cal. Veh. Code §§ 40200 et seq.; *see also Smith v. City of Los Angeles Dep't of Transp*., 59 Cal. App. 4th Supp. 7, 10 (1997) ("we conclude that the procedure for review set forth in section 40200 et seq. is the only procedure available to contest a parking citation."). Plaintiff's Amended Complaint still fails to allege exhaustion. The Court thus lacks jurisdiction to consider the claim, so it must be dismissed. *See Yamaha Motor Corp. v. Superior Ct*., 185 Cal. App. 3d 1232, 1240 (1986) ("where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. This is a jurisdictional prerequisite, not a matter of judicial discretion.") (cleaned up).

Finally, the Court previously dismissed Plaintiff's civil assault claim without leave to amend because she did not oppose dismissal of that claim and in fact indicated she was not pursuing a claim under the California Tort Claims Act. (Dkt. No. 54 at 6.) Accordingly, Plaintiff's civil assault claim is again dismissed.

## CONCLUSION

For the reasons stated above, the City's motion to dismiss is GRANTED. As the Court previously provided Plaintiff the opportunity to cure the pleading defects and she did not do so, nor has she opposed the motion to dismiss and the time to do so has passed, further leave to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)).

As the Court previously noted, it does not appear Plaintiff served the First Amended Complaint on the remaining Defendants. (Dkt. No. 70.) To the extent the proof of service attached the First Amended Complaint reflects emailing of the First Amended Complaint, email is not an

accepted means of service under Federal Rules of Civil Procedure 4(e), (i).  (Dkt. No. 67 at 20.)  The Court previously ordered Plaintiff to serve the remaining Defendants with the First Amended Complaint by May 23, 2024 and file proof of service of the same by May 30, 2024.  (Dkt. No. 70.)  Plaintiff has neither filed proof of service nor otherwise responded to the Court's Order.  Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing by **June 10, 2024** as why the claims against the remaining defendants in this action should not be dismissed without prejudice for failure to serve.

**IT IS SO ORDERED.**

Dated: June 3, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

4