UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 3:23-cv-03531-JSC<br><br>**ORDER DISMISSING CLAIMS AGAINST ENTITY DEFENDANTS WITHOUT PREJUDICE FOR FAILURE TO SERVE** |

Plaintiff brings claims against the San Francisco Police Department, Federal Protective Services, the Department of Homeland Security, Steve Glumas, and two unnamed security guards arising out of the ticketing and towing of her vehicle while parked near the San Francisco federal courthouse. The Court previously dismissed the City and County of San Francisco (the San Francisco Police Department) with prejudice for failure to state a claim. (Dkt. No. 73.[1]) By this Order, the Court dismisses the claims against the remaining entity defendants without prejudice based on Plaintiff's failure to properly serve them.

**BACKGROUND**

Plaintiff, an attorney admitted to practice in the Northern District of California, initiated this action nearly 11 months ago, on July 14, 2023. An initial case management conference was scheduled for October 19, 2023. (Dkt. No. 13.) On October 12, 2023, Plaintiff advised the Court she had not served any defendants and she requested an extension to November 30, 2023 for service. (Dkt. No. 15 at 2 ("Defendants have yet to be served, and, if any parties remain to be served, a proposed deadline for service will be November 30, 2023.").) After holding a case

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  management conference with Ms. Kamath on October 26, 2023, the Court extended the deadline
2  to serve the defendants to December 22, 2023.  (Dkt. No. 24.)  Plaintiff thereafter served the San
3  Francisco Police Department, and she filed proofs of service on Defendants Department of
4  Homeland Security and the Federal Protective Services. (Dkt. Nos. 25, 27.)  However, the Clerk
5  declined her requests for entry of default on the grounds the "return of service executed on the
6  defendant does not state where the service was performed or who the individual served was."
7  (Dkt. Nos. 38, 39.)

8  The proofs of service indicated that for the Federal Protective Services, Roger Sherman,
9  the Regional Director, had been served (at an unknown address), and for the United States
10 Department of Homeland Security, "Officer Williams Badge 1547" was served at an unknown
11 address.  (Dkt. Nos. 25, 27.)  However, such service was not proper.  *See* Fed. R. Civ. P. 4(i).  In
12 the meantime, on March 12, 2024, the Court granted the City's motion to dismiss and granted
13 Plaintiff leave to file an amended complaint by April 1, 2024.  The Court specifically advised
14 Plaintiff the amended complaint must be properly served on all defendants.  (Dkt. No. 54 at 7.)  At
15 Plaintiff's request, the Court extended the deadline to file an amended complaint to April 15, 2024
16 (Dkt. No. 60), then April 30, 2024 (Dkt. No. 63).  The First Amended Complaint was filed May 1,
17 2024.  (Dkt. No. 67.)

18  As of May 10, 2024, the docket did not reflect service of the original or amended
19 complaint on Defendants other than the City and County of San Francisco.  Accordingly, the
20 Court ordered Plaintiff to "serve the remaining defendants with the amended complaint by May
21 23, 2024 and file proof of service by May 30, 2024."  (Dkt. No. 70.)  The Court specifically
22 warned Plaintiff that "failure to comply with these service deadlines may lead to dismissal of the
23 claims against these defendants without prejudice."  (*Id.*)  Plaintiff did not comply with the
24 deadline.

25  By Order filed June 3, 2024, the Court granted with prejudice the City and County of San
26 Francisco's motion to dismiss the claims against it in the amended complaint.  Plaintiff had not
27 filed a timely opposition to the motion.  (Dkt. No. 73.)  The Court wrote:

28  As the Court previously noted, it does not appear Plaintiff served the

2

> First Amended Complaint on the remaining Defendants. (Dkt. No. 70.) To the extent the proof of service attached the First Amended Complaint reflects emailing of the First Amended Complaint, email is not an accepted means of service under Federal Rules of Civil Procedure 4(e), (i). (Dkt. No. 67.) The Court previously ordered Plaintiff to serve the remaining Defendants with the First Amended Complaint by May 23, 2024 and file proof of service of the same by May 30, 2024. (Dkt. No. 70.) Plaintiff has neither filed proof of service nor otherwise responded to the Court's Order. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing by June 10, 2024 as why the claims against the remaining defendants in this action should not be dismissed without prejudice for failure to serve.

(*Id.*). Rather than file proofs of service, or show cause as to why she had not complied with the Court's order, Ms. Kamath filed a document entitled "PLAINTIFF OBJECTS TO RACIST JACQUELINE'S WHITE-WOMAN SLAVE BEHAVIOR." (Dkt. No. 74.) Then, three days later, she filed a document entitled "PLAINTIFF REQUESTS FURTHER TIME TO SERVE FROM RACIST JACQUELINE UNTIL JULY 16, 2024." (Dkt. No. 75.) In the text of the document she requests until July 16, 2024 "to serve the new defendant in the amended complaint." (*Id.*) Plaintiff did not respond to the Order to Show Cause for her failure to serve by June 10, 2024 as required.

## DISCUSSION

While Plaintiff filed this action nearly 11 months ago, she has failed to properly serve the Department of Homeland Security or the Federal Protective Services with a summons and the complaint or amended complaint. The Court ordered her to serve the amended complaint by May 23 and file proof of service by May 30, and when she did not meet those deadlines, ordered her to show cause by June 10 why not. To date she has offered no explanation for her failure to serve. So, the claims against the Federal Protective Services and the United States Department of Homeland Security are dismissed without prejudice. *See* Fed. R. Civ. P. 4(m); *Hejazi v. Esper*, No. 21-35711, 2022 WL 2869778, at *1 (9th Cir. July 21, 2022).

Plaintiff has 90 days from May 1, 2024 to serve "the new defendant." *See* Fed. R. Civ. P. 4(m); *Boden v City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (requiring newly added defendants to be served within 90 days after an amended complaint is filed). Presumably Plaintiff is referring to Steve Glumas. Given Plaintiff's delay in prosecuting this action, this deadline will not be extended. If Plaintiff does not serve Steve Glumas within 90 days of May 1, 2024, the

claims against him will be dismissed without prejudice.  The Court notes that the docket does not reflect that Plaintiff has sought a summons for Mr. Glumas.

## CONCLUSION

Plaintiff's claims against the Federal Protective Services and the United States Department of Homeland Security are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m).  Plaintiff must serve newly-added defendant Steve Glumas by July 30, 2024 (90 days from the filing of the amended complaint).

This Order disposes of Docket No. 75.

**IT IS SO ORDERED.**

Dated: June 11, 2024

*[signature]*
JACQUELINE SCOTT CORLEY
United States District Judge